**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**David KRINER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 6, 2006.
Filed Jan. 2, 2007.

Ralph L.S. Montana, Clarion for appellant.

Jeffery D. Burkett, Assistant District Attorney, Brooksville, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., HUDOCK, JOYCE, STEVENS, MUSMANNO, KLEIN, BENDER, McCAFFERY and PANELLA, JJ.

OPINION BY JOYCE, J.:

¶ 1 David Kriner, Appellant, appeals from his judgment of sentence entered February 22, 2005, in the Court of Common Pleas of Jefferson County. After careful review and consideration, we vacate Appellant's judgment of sentence and remand. The relevant facts and procedural history of this matter are as follows.

¶ 2 Appellant sexually assaulted his step-daughter, H.S., beginning when she was six years old. The assaults continued until H.S. was nine and she disclosed the abuse to school officials who, in turn, contacted Jefferson County Children and Youth Services ("CYS"). Following an investigation, Appellant was charged on March 19, 2003, with four counts each of rape, involuntary deviate sexual intercourse, and indecent assault.[1]

¶ 3 Tragically, on August 23, 2003, H.S. was killed in a traffic accident. Faced with this circumstance, on October 14, 2003, the Commonwealth filed a pre-trial motion in limine seeking a ruling on the admissibility of H.S.'s out-of-court statements describing the sexual abuse. Specifically, the Commonwealth wanted to introduce the statements H.S. made to a school friend, Brandi Battaglia; C.G. Johnson School official John Zamperini; her mother, Melissa Kriner; Rob Wallace and Kristi Mathews of CYS; H.S.'s sister, Emily Helper; Dr. Allen Ryen, Ph.D.; and H.S.'s grandmother, Judy Shuckers. The Commonwealth argued that the statements were admissible under the tender years exception to the hearsay rule and under the hearsay exception relating to the unavailability of a declarant.[2] A hearing was held on December 22, 2003, and the trial court granted the Commonwealth's motion in limine to admit the evidence. On October 5, 2004, Appellant proceeded to a non-jury trial and was found guilty on all counts. He was sentenced on February 16, 2005, to five to ten years of incarceration for each of the rape convictions to run consecutively with each other. The involuntary deviate sexual intercourse and indecent assault sentences merged with the rape sentence. An order correcting an error in the February 16th sentencing order was entered February 22, 2005. Thereafter, Appellant filed a timely notice of appeal on March 16, 2005. On March 31, 2005, the trial court ordered Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P.1925 within fourteen days of the date he received the transcripts. The transcripts were filed on April 26, 2005; however, Appellant filed his 1925(b) statement prior to that on April 1, 2005. On May 31, 2005, the trial court issued its 1925(a) opinion, which indicated its reliance on its earlier opinion dated February 4, 2004.

¶ 4 In this appeal, Appellant presents two issues for our consideration, to-wit:

---

1. 18 Pa.C.S.A. § 3121(a)(1),(2) and (6); § 3123(a)(1),(2),(6) and (7); and § 3126(a)(1),(2),(3),(7), and (8), respectively. These charges were predicated on H.S.'s claim that Appellant anally penetrated her with his penis, forced her to perform fellatio, and caused her to masturbate him.

2. The trial court did not rely on the latter argument, ruling that the statements were admissible under the tender years exception.

1. Whether the trial court erred in granting the Commonwealth['s] Motion in Limine where it ruled the hearsay statements of a minor child made to various individuals were admissible at trial under the tender years exception to the hearsay rule where the minor child was deceased and where the minor child had not testified at any proceeding because [Appellant] waived the matter to trial without [a] preliminary hearing?

2. Whether the trial court erred in imposing a sentence upon [Appellant] which was, under the facts and circumstances of the case, manifestly excessive[,] especially where the Pre[-]Sentence report recommended sentences on the four counts of Rape of five to ten years to run concurrently and not consecutively?

Appellant's brief, at 4.

¶ 5 Appellant's first issue alleges the trial court erred in admitting H.S.'s out-of-court statements through various witnesses at trial under the tender years exception to the hearsay rule. The admission of evidence is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. *Commonwealth v. Delbridge*, 580 Pa. 68, 859 A.2d 1254, 1257 (2004). "An abuse of discretion is not merely an error of judgment; rather, discretion is abused when" "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." *Commonwealth v. Busanet*, 572 Pa. 535, 817 A.2d 1060, 1076 (2002). "To the extent our inquiry focuses upon the meaning and application of the statute, this Court's review is plenary and non-deferential." *Commonwealth v. Conklin*, 587 Pa. 140, 897 A.2d 1168, 1174 (2006) (citations omitted).

¶ 6 Generally, an out-of-court statement is inadmissible at trial unless it falls into one of the exceptions to the hearsay rule. *Commonwealth v. Charlton*, 902 A.2d 554, 559 (Pa.Super.2006) citing *Commonwealth v. Bean*, 450 Pa.Super. 574, 677 A.2d 842 (1996). "The rationale for the hearsay rule is that hearsay is too untrustworthy to be considered by the trier of fact. Exceptions have been fashioned to accommodate certain classes of hearsay that are substantially more trustworthy than hearsay in general, and thus merit exception to the hearsay rule." *Id.* (citations omitted).

¶ 7 The tender years exception is one such exception to the hearsay rule. It is codified at 42 Pa.C.S.A. § 5985.1 and provides:

(a) General rule.—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; **and**

(2) the child either:

(i) testifies at the proceeding; or

(ii) **is unavailable as a witness.**

(a.1) **Emotional distress.—*In order* to make a finding under subsection (a)(2)(ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to**

it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate. In making this determination, the court may do all of the following:

(1) Observe and question the child, either inside or outside the courtroom.

(2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting.

(a.2) Counsel and confrontation.—If the court hears testimony in connection with making a finding under subsection (a)(2)(ii), all of the following apply:

(1) Except as provided in paragraph (2), the defendant, the attorney for the defendant and the attorney for the Commonwealth or, in the case of a civil proceeding, the attorney for the plaintiff has the right to be present.

(2) If the court observes or questions the child, the court shall not permit the defendant to be present.

(b) Notice required.—A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer the statement into evidence to provide the ad-

verse party with a fair opportunity to prepare to meet the statement.

42 Pa.C.S.A. § 5985.1 (emphasis added). "The tender years exception allows for the admission of a child's out-of-court statement due to the fragile nature of young victims of sexual abuse." *Commonwealth v. Fink*, 791 A.2d 1235, 1248 (Pa.Super.2002) (citation omitted).

 ¶ 8 Initially, several of the prerequisite factors were met to satisfy the tender years exception in that the child was less than twelve years old, was describing an enumerated offense, and the statements possessed indicia of reliability.[3] The issue in this case turns on whether H.S. was unavailable as defined under subsection (a)(2)(ii) and § (a.1).

 ¶ 9 Appellant contends that H.S. was not unavailable as contemplated by the statute because § (a.1) requires that "in order to make a finding under subsection (a)(2)(ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate." Obviously, since H.S. died, no such determination could be made and it would be impossible to meet the statute's definition of unavailable. He argues that the admission of the evidence violated his right to confront witnesses as provided by the Pennsylvania Constitution, Article 1, Section 9.

---

3. Indicia of reliability include: "the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age and the lack of a motive to fabricate." *Commonwealth v. Delbridge*, 578 Pa. 641, 855 A.2d 27, 46 (2003). Presently, H.S.'s statements were consistent to each person with whom she spoke. Additionally, H.S. made the statements despite that fact that she was suffering

negative consequences as a result of the disclosure. Specifically, her mother initially did not believe that she told the truth and gave her a "time-out" for lying, and some of the children at school began teasing her about her relationship with Appellant. Lastly, Dr. Ryen testified that H.S.'s mannerisms, affect, and graphic description of the assault were consistent with telling the truth.

¶ 10 In response, the Commonwealth urges this Court to define unavailable under "its normal meaning" and refers us to the "traditional legal meaning" as defined in Pa.R.E. 804. In Pa.R.E. 804, unavailability is defined as a witness not being able to testify because of, *inter alia,* death. The Commonwealth further argues that the original draft of § 5985.1 does not assign any special definition to the term unavailable. The Commonwealth reasons that the General Assembly's subsequent amendment to § 5985.1 to include § (a.1) was designed to aid courts in determining when, in a "normal situation"—i.e., where the child is not deceased—a child may be deemed unavailable because of serious emotional distress resulting in the inability to reasonably communicate. Thus, the Commonwealth posits, § (a.1) does not define unavailability, but rather provides an instance where, under normal circumstances, a child can be deemed unavailable.

¶ 11 In resolving these disparate positions, the trial court concluded when H.S. died she became unavailable "therefore making the necessary determination under subsection (a.1) moot and now unnecessary in these circumstances." Trial court opinion, 02/04/04, at 5. We are constrained to disagree with the trial court's reasoning and subsequent admission of H.S.'s hearsay statements into evidence.

¶ 12 When interpreting a statute, we are guided by 1 Pa.C.S.A. § 1921, which states:

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

"In ascertaining the intent of the General Assembly, we are to look at the words used by the Legislature, as that is the best evidence of its intent. If the words are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Only when the words used by the Legislature are not explicit, do we turn to other factors [as listed in subsection (c)] to ascertain its intent." *Commonwealth v. Ludwig,* 583 Pa. 6, 874 A.2d 623, 630 (2005) (citations omitted).

¶ 13 Using these principles as a guide, the language of § 5985.1 is patently clear as to when a child is unavailable so to qualify his or her statements under the tender years exception. Specifically, the statute requires the trial court to determine that the child will suffer serious emotional distress that would substantially impair the child's ability to reasonably communicate in order for the child to be unavailable. *This finding is a prerequisite to a determination of unavailability* as evidenced by the words "in order." By

the plain language of the statute, there is no other manner, method, procedure, or definition of what constitutes unavailability.

¶ 14 As explained by a panel of this Court,

> [t]he definition of unavailability for purposes of § 5985.1 is unlike standard definitions for the term in the context of hearsay. Instead, unavailability is narrowly defined in explicit terms within the Act. The law requires the trial court to determine that, based on evidence presented to it, the giving of testimony by the child would cause the child to suffer "serious emotional distress" such that it would "substantially impair the child's ability to reasonably communicate."

*Fidler v. Cunningham–Small,* 871 A.2d 231, 237 (Pa.Super.2005). Since the trial court was unable to make a determination under § (a.1) due to H.S.'s tragic and untimely demise, a finding could not be made that she was unavailable as defined by the statute. Although we realize that H.S. was unavailable in the colloquial sense, and was also unavailable as that term is defined in the Rules of Evidence, we are unable to rewrite a statute or legislate from the bench; we are only to adjudicate what the plain language of a statute means. *Ludwig, supra.* Additionally, the Pennsylvania Rules of Evidence definition of unavailable does not apply since the General Assembly crafted a separate and distinct definition of unavailable when the circumstances may warrant the application of § 5985.1. *See also Fidler v. Cunningham–Small, supra.*

¶ 15 We find that the terms of the statute are clear and unambiguous and that we may not discard them in an attempt to pursue the spirit of the statute. 1 Pa. C.S.A. § 1921. Thus, H.S. did not meet the definition of an unavailable child as defined by § 5985.1(a.1) so to allow her hearsay statements to be admitted into evidence under the tender years exception to the hearsay rule.

¶ 16 Additionally, the Commonwealth's argument that the subsequent amendment to § 5985.1 reveals the General Assembly's intent for the term unavailable to be read in a general manner is not persuasive. The General Assembly amended § 5985.1 in 1996, along with similar sections in the same chapter pertaining to the use of a child's videotaped depositions and testimony by closed-circuit television, 42 Pa.C.S.A. §§ 5984 and 5985, respectively. The prior version of § 5985.1 read:

> (a) General rule.—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing indecent contact, sexual intercourse or deviate sexual intercourse performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal proceeding if:
>
> (1) The court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability.
>
> (2) The child either:
>
> (i) testifies at the proceeding; or
>
> (ii) is unavailable as a witness and there is corroborative evidence of the act.
>
> (b) Notice required.—A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer the state-

ment into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.

Prior version of 42 Pa.C.S.A. § 5985.1, amended Dec. 18, 1996, P.L. 1077, No. 161, § 5, effective in 60 days. The amendment added the language currently contained in § (a.1). 42 Pa.C.S.A. §§ 5984 and 5985 were likewise amended to include language that mirrors that of § (a.1). These amendments were the result of several attacks on the constitutionality of §§ 5984 and 5985 alleging that they violated Article 1, Section 9 of the Pennsylvania Constitution. Ultimately, those arguments prevailed, resulting in §§ 5984 and 5985 being declared repugnant to the Constitution as violative of the confrontation clause. *Commonwealth v. Louden*, 536 Pa. 180, 638 A.2d 953 (1994). The statutes were deemed unconstitutional because they allowed the use of a child's videotaped depositions or testimony by closed-circuit television if the court approved their usage upon "good cause shown." This standard was deemed insufficient to afford an accused his or her constitutional guarantees to confront a witness "face to face" as provided for by the Pennsylvania Constitution.[4] Accordingly, the statutes were amended to require the trial court to find that "testifying either in an open forum in the presence and full view of the finder of fact or in the defendant's presence will result in the child victim or child material witness suffering serious emotional distress that would substantially impair the child victim's or child material witness's ability to reasonably communicate." 42 Pa.C.S.A. §§ 5984(b) and 5985(a.1).

¶ 17 Obviously, the standard to be met in §§ 5984 and 5985 is the same as the standard in section 5985.1(a.1), and was added by the General Assembly in recognition of the fact that as previously written, §§ 5984 and 5985 were unconstitutional. The amendments specifically narrowed the scope of when a child's hearsay statements can be admitted into evidence during a trial while comporting with the confrontation clause. As such, we reject the Commonwealth's position that the language in § (a.1) was added to address the "normal" situation when a child witness cannot testify due to the emotional stress that would impair the child's ability to communicate, but the General Assembly intended the term unavailable to mean generally unavailable. Clearly, such a broad sweeping interpretation did not pass constitutional muster previously. *Louden, supra.*[5]

¶ 18 To summarize, we conclude that the trial court was required to find that the standard set forth in § (a.1) was met as a condition precedent to a determination that H.S. was unavailable before allowing the introduction of her hearsay statements under the tender years exception to the hearsay rule. The plain language of the statute allows for no other conclusion, and we may not disregard its express direction in pursuing the spirit of the statute. It is evident that the General Assembly included the standard in (a.1) in response to §§ 5984 and 5985 being declared unconstitutional, and the prerequisite to a finding of unavailability was added to ensure a defendant his or her rights afforded under Article 1, Section 9 of the Pennsylvania Constitution. Accordingly, we hold that H.S's death prevented the trial court from

4. In 2003, the citizens of this Commonwealth voted to amend Article 1, Section 9 of the Pennsylvania Constitution. The amendment changed the right of an accused to confront his accuser "face to face" to the right "to be confronted with the witnesses against him."

5. Although the constitutionality of §§ 5984 and 5985 have not been addressed subsequent to the amendments, we note that the constitutionality of § 5985.1 has been upheld. *Commonwealth v. Lyons*, 833 A.2d 245 (Pa.Super.2003).

making a determination under § (a.1). Since this prerequisite to a determination of unavailability could not be made, § 5985.1 did not apply, and we are constrained to conclude that the trial court erred in its application and in the subsequent admission of the hearsay statements in violation of the confrontation clause. Therefore, we vacate Appellant's judgment of sentence and remand this matter to the Jefferson County Court of Common Pleas. Our disposition of this issue renders Appellant's second issue challenging the discretionary aspects of his sentence moot.

¶ 19 Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

¶ 20 STEVENS, J. files a Dissenting Opinion, joined by PANELLA, J.

DISSTENTING OPINION BY STEVENS, J.:

¶ 1 I respectfully dissent from the Majority Opinion, and I would affirm the trial court.

¶ 2 Generally, Pa.R.E. 804(a)(4) provides that unavailability as a witness includes situations in which the declarant "is unable to be present or to testify at the hearing because of death...." Pa.R.E. 804(a)(4); however, the tender years exception to the hearsay rule is set forth in 42 Pa.C.S.A. § 5985.1. As the Commonwealth asserts in its brief, the word "unavailable" appeared in 42 Pa.C.S.A. § 5985.1 when it was originally enacted in 1989, although a specific definition of the term did not appear until the 1996 amendments. Brief for the Commonwealth at 5–6. The Commonwealth reasons that as a result, the legislative history of the statute reveals the term "unavailable" continues to include the general meaning of unavailable, as that word appeared in the statute prior to the enactment of § (a)(1). Brief for the Commonwealth at 6. The Commonwealth also cogently asserts:

If the legislature only wanted this rule to apply when the emotional distress existed, it would not have even used the term unavailable[;] it would have merely stated that the out-of-court statements could be admitted when the child witness was suffering emotional distress or it would have specifically defined the term as such for purposes of this section.

Brief for the Commonwealth at 6–7.

¶ 3 I agree with this analysis and would affirm the trial court.

¶ 4 Moreover, the statute provides that the trial court must determine, based upon evidence presented, that were the child to testify as a witness, he or she would suffer serious emotional distress such that his or her ability to communicate would be hampered. 42 Pa.C.S.A. § 5985.1(a.1). The rule also provides that "the court *may* do all of the following in making such a determination:"

(1) observe and question the child, either inside or outside the courtroom.

(2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting.

42 Pa.C.S.A. § 5985.1(a.1)(1)(2) (emphasis added).

¶ 5 The plain meaning of the statute requires the conclusion that the trial court need not hear from the child directly in camera if, as herein, the circumstances prevent it.

¶ 6 I agree with the Majority that "we are unable to rewrite a statute or legislate from the bench; we are only to adjudicate what the plain language of a statute means." Nevertheless, though it is possible the legislature did not anticipate the specific, unfortunate circumstance in the case *sub judice* when it enacted § (a.1),

the tender years exception to the hearsay rule neither requires that the trial court engage in the aforementioned measures prior to determining unavailability, nor does it require that the child be alive for such a determination be made. Without in any way violating the plain meaning rule, the trial court could determine based upon its own review of the certified record, including a review of the testimony of the witnesses to the child's statements, that were the child alive and required to testify, he or she would be seriously traumatized. As the trial court herein eloquently explained:

> This court must look upon H.S.'s inability to communicate in the same way a[c]ourt would an allegedly abused child who would not speak due to intimidation, or could not speak due to injury, mental capacity or lack of command of the English language.

Trial Court Opinion and Order, 2/4/04, at 4.

¶ 7 As such, I respectfully disagree with the Majority's statement that "the trial court was unable to make a determination under § (a.1) due to H.S.'s tragic and untimely demise," and its ultimate holding that "H.S.'s death prevented the trial court from making a determination under § (a.1)."

¶ 8 I would affirm the trial court and find that the trial court correctly ruled the statements of the minor child were admissible at trial under the tender years exception to the hearsay rule where said minor child is deceased.