J-A34033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MASTER GREENE | |
| Appellant | No. 532 MDA 2014 |

Appeal from the Judgment of Sentence imposed January 31, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0004487-2012

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J. **FILED APRIL 24, 2015**

Appellant Master Green appeals the judgment of sentence the Court of Common Pleas of Lancaster County imposed on January 31, 2014. For the reasons stated below, we affirm.

The trial court summarized the factual and procedural background of this matter as follows:

> On November 16, 2011, an arrest warrant was issued for Appellant as result of being charged with the offenses of rape of a child under 13 years of age, indecent assault of a person less than 13 years of age, corruption of a minor by a defendant over 18 years of age for purpose of committing a sexual offense, unlawful contact with a minor relating to sexual offenses, and endangering the welfare of a child. The basis for these charges was an allegation that between April 1, 2011, and July 31, 2011, Appellant engaged in sexual contact with his girlfriend's daughter, M.R., age four, at their residence in Strasburg, Lancaster County, Pennsylvania. Appellant fled the jurisdiction when confronted by his girlfriend with these allegations, and was

ultimately arrested in Mesa County, Colorado, on March 8, 2012, and extradited back to Pennsylvania on June 19, 2012.

The child victim, M.R., was interviewed on June 29, 2011, by Mary Hayle, a forensic interviewer, at the Lancaster County Children's Alliance. Officer Bradley A. Klunk of the Strasburg Borough Police Department observed the interview from another room. During this recorded interview, M.R. disclosed that "[U]ncle" (the name she uses for Appellant): (1) "touched her 'Cookie'" (her word for vagina); (2) "pulled her pants down and was touching her Cookie with his hand when she was sleeping in her room"; (3) "touched her Cookie with his Cookie inside her Cookie"; and (4) put his Cookie "in deep and he peed in her Cookie" on more than one occasion.

Prior to trial, the Commonwealth filed a Petition to Admit Out-of-Court Statements under the Tender Years Hearsay Exception, 42 Pa.C.S.A. § 5985.1, and a Motion to Permit Testimony by Contemporaneous Alternative Method Pursuant to the Pennsylvania Uniform Child Witness Testimony by Alternative Methods Act, 42 Pa.C.S.A. § 5985. A combined hearing on the motion and petition was held at the time of trial.

At the conclusion of the hearing on October 15, 2013, this [c]ourt granted the petition to admit out-of-court statements, having found that the statements made by the child victim to Ms. Hayle, to her mother, A.R., and to her cousin, Armand Miller, were relevant, and that the time, content and circumstances of the statements provided sufficient indicia of reliability for their admission pursuant to 42 Pa.C.S.A. § 5985.1. This [c]ourt further approved, on the record, the Commonwealth's motion to permit testimony by alternative method.

This case immediately proceeded to a jury trial . . . following the[] rulings o[f] October 15, 2013. On October 18, 2013, Appellant was found guilty on all charges. . . .

Trial Court Opinion, 5/7/14, at 1-3 (footnotes and citations to record omitted).

This appeal followed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.[1]

_____

[1] In his Rule 1925(b) statement, Appellant raised the following issues:

1. The trial court erred when finding the jury verdict was not against the weight of the evidence. Specifically the Commonwealth did not present sufficient credible evidence for a finding of guilty. The Commonwealth's sole evidence in support of a guilty verdict is the testimony of a minor child, aged four (4) when the alleged incident took place[,] and aged six (6) during the trial. Considering the inability of the child to identify in court, the frequent comment that she did not remember information, and the inconsistencies in her testimony, the verdict shocks one's sense of justice.

2. [Sentencing issue not raised on appeal].

3. The trial court erred when it allowed hearsay under the tender years' doctrine, specifically in [its] determination that there was a sufficient indicia of reliability as required by 42 Pa.C.S.A. § 5985.1(a)(1). When determining whether an indicia of reliability exists the court may consider ". . . consistent repetition of the statement(s) . . . ." Considering the inconsistency of the child's testimony, there is not sufficient indicia of reliability to support the tender years exception to hearsay.

4. The trial court erred when it allowed testimony by contemporaneous alternative method, specifically in determining that the child witness would suffer serious emotional distress that would substantially impair the child's ability to communicate by testifying in an open forum in front of the finder of fact or defendant, as required by 42 Pa.C.S.A. § 5985(a.1). There was no evidence that testifying in front of the jury would cause the child any emotional distress or impair the child's ability to communicate. Further, there was insufficient evidence to support a finding that the child would suffer serious emotional distress or impairment in her ability to communicate with

*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issues:

A. Did the trial court encroach upon Appellant's rights under the Confrontation Clause by admitting a testimonial recorded deposition into evidence vis a vis by determining it to be reliable?

B. Whether the trial court erred in finding M.R. would suffer serious emotional distress if required to testify in open court despite the impetus (presence of Appellant) of her alleged emotional distress offering to be voluntarily absent from the courtroom?

C. Did the trial court commit reversible error in refusing to grant Appellant a new trial despite the jury's verdict being so contrary to the weight of the evidence presented to shock one's sense of justice?

Appellant's Brief at 4.

The first two issues raised on appeal involve evidentiary rulings.

An appellate court's standard of review of a trial court's evidentiary rulings which include rulings on the admission of hearsay is abuse of discretion. However, whether a defendant has been denied his right to confront a witness under the Confrontation Clause of the Sixth Amendment to the United States Constitution, made applicable to the States *via* the Fourteenth Amendment, is a question of law, for which our standard of review is *de novo* and our scope of review is plenary.

***In re N.C.***, 105 A.3d 1199, 1210 (Pa. 2014).

*(Footnote Continued)* _____

[appellant] present, considering the child's pleasant mood and ability to testify in prior settings. Further, [Appellant] offered to be not present for the child's testimony, and there is no evidence that the child would suffer emotional distress or be unable to testify under such circumstances.

Appellant's "Statement of Matters Complained of," 4/25/14, at 1-2.

- 4 -

Appellant did not raise the first issue (*i.e.*, Confrontation Clause claim) in his Rule 1925(b) statement.[2] Appellant raises it for the first time on appeal. Accordingly, the issue is waived. ***See*** Pa.R.A.P. 302(a); ***Commonwealth v. Elia***, 83 A.3d 254, 263 (Pa. Super. 2013) ("Issues not included in the Statement and/or not raised in accordance with [Rule 1925(b)(4)] are waived") (quoting Pa.R.A.P. 1925(b)(4)).

We also note the issue is meritless because the Confrontation Clause, and in particular ***Crawford v. Washington***, 541 U.S. 36 (2004), does not lend support to Appellant's position.[3] Appellant fails to acknowledge that M.R. testified at trial, and that Appellant had ample opportunity to cross-examine M.R. on this matter. For whatever reason, Appellant declined to challenge M.R. "If [Appellant] had an opportunity to cross-examine the declarant about statements that the declarant made, then there is no Confrontation Clause violation." ***Commonwealth v. Mollett***, 5 A.3d 291, 308 (Pa. Super. 2010), appeal denied, 14 A.3d 826 (Pa. 2011) (citing

---

[2] Reliability for purpose of 42 Pa.C.S.A. § 5985.1(a)(1) cannot be deemed to include his Confrontation Clause claim as a "**subsidiary** issue contained therein which was raised in the trial court[.]" Pa.R.A.P. 1925(b)(4)(v) (emphasis added).

[3] The Commonwealth does not suggest that M.R.'s statements to the forensic interviewer were not testimonial or that they would have been admissible at trial without M.R.' s testimony. Commonwealth's Brief, at 9 n.3.

*Commonwealth v. Charlton*, 902 A.2d 554, 560 (Pa. Super. 2006), *appeal denied*, 911 A.2d 933 (Pa. 2006)); *see also Crawford*, *supra*.[4]

In the argument section of his brief, Appellant, for the first time, also argues the victim, while physically present on the stand, was in fact "unavailable" for purposes of the Confrontation Clause. Specifically, Appellant argues the victim should have been declared unavailable because she was not put in a position to defend or explain her prior statements. Appellant's Brief at 27.[5] Appellant blames the Commonwealth for failing to

_____

[4] In *Crawford*, the U.S. Supreme Court noted:

> [W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. It is therefore irrelevant that the reliability of some out-of-court statements cannot be replicated, even if the declarant testifies to the same matters in court. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.

*Crawford*, 541 U.S. at 59 n.9.

[5] Despite cases from this jurisdiction discussing this issue, *see*, *e.g.*, *In re N.C.*, 74 A.3d 271 (Pa. Super. 2013), *aff'd*, 105 A.3d 1199 (Pa. 2014); *Mollett*, 5 A.3d at 308-309; *Commonwealth v. Kriner*, 915 A.2d 653 (Pa. Super. 2007) (citing *Fidler v. Cunningham-Small*, 871 A.2d 231, 237 (Pa. Super 2005) (specifically discussing definition of unavailability for purposes of Section 5985.1)), Appellant mostly relies on out-of-state and/or federal court of appeals decisions.

Among others, Appellant relies on *United States v. Spotted War Bonnet*, 933 F.2d 1471 (8th Cir. 1991), *cert. denied,* 502 U.S. 1101 (1992) for the proposition that "a child witness is not automatically deemed available for cross-examination by virtue of walking into court and simply taking the

*(Footnote Continued Next Page)*

properly question the victim on her prior statements. According to Appellant, had the Commonwealth properly questioned the victim, Appellant would have been able "to explore the circumstances in which such hearsay statements were obtained." *Id.* Not surprisingly, Appellant provides no authority for his bald suggestion the Commonwealth had a duty of cross-examining the victim on Appellant's behalf.

The record also belies the allegation because the victim did in fact provide testimony pertaining to the facts of the case, which could have been challenged by Appellant during cross-examination. Appellant says nothing, however, about his decision not to cross-examine the victim on this matter, despite the fact he had the opportunity to do so.

These facts make the instant matter easily distinguishable from *N.C.* In *N.C.*, the victim/witness "was unable to provide direct examination

_____

*(Footnote Continued)* ─────────────

witness stand." Appellant's Brief at 26. Appellant fails to mention, however, that when, as in this matter,

> the contention is made that the live testimony of a given witness satisfies Confrontation Clause concerns as to the admissibility of out-of-court statements made by the same witness, the question is whether there is "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."

*Spotted War Bonnet*, 933 F.2d at 1474 (emphasis in original) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)).

testimony regarding any contact [defendant] might have had with [the victim/witness]." *In re N.C.*, 105 A.3d at 1216.  Furthermore,

> Despite the prosecutor's persistent encouraging of [victim] to speak so the juvenile court could hear her, she responded to his queries with head movements and only a few, single-word verbal responses and became totally unresponsive to his repeated efforts to elicit information regarding inappropriate contact N.C. may have had with her on November 5, 2011.  Her ultimate recoiling into a fetal position prompted the juvenile court to acknowledge on the record that [victim] was not going to participate any further and to suggest she should be removed from the witness stand.

*Id.*

Clearly, this is not the case here.  M.R.'s testimony provided adequate direct testimony regarding contacts she had with Appellant.  The trial court summarized her testimony as follows:

> In her testimony at trial, M.R., then six years old, unequivocally stated that "only Uncle" ever touched her private parts.  She specifically recalled the abuse happening in her mother's bed, during the day, while she was watching television, and on more than one occasion.  M.R. also clearly identified her [U]ncle's "cookie," or private part, as "kind of . . . like a hose," and different from her private part.  She found it hard to remember at trial whether her [U]ncle's private part went inside her private part, whether anything came out of her [U]ncle's private part when he touched [her] private part, and what it felt like when [u]ncle's private part touched her private part.

Trial Court Opinion, 5/7/14, at 6-7 (citation to record omitted).

On cross-examination, Appellant made no attempt to question M.R. about the facts she just disclosed.  Rather, Appellant attempted to elicit from M.R. answers that would picture him in a positive way.  M.R., however,

testified that Appellant did only "bad stuff" to her. N.T. Trial, 10/16/13, at 226-27.

In light of the foregoing, to the extent the claim can be deemed preserved for appellate review, we conclude the introduction of the statements the victim made to Ms Hayle did not violate Appellant's Confrontation Clause rights.

In his Rule 1925(b) statement, Appellant challenges the admission of "hearsay"[6] to the extent the trial court found it reliable for purposes of Section 5985.1, the Tender Years Hearsay exception.[7] To this end,

_____

[6] In his Rule 1925(b) statement, *supra*, Appellant does not identify the hearsay improperly admitted under the Tender Years Hearsay exception. He merely identifies this material as "hearsay." On appeal, Appellant limits his argument only to the statements M.R. made to Ms. Hayle.

[7] Section 5985.1, in relevant part reads:

> **(a) General rule.--**An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
>
> > (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> > (2) the child either:

*(Footnote Continued Next Page)*

Appellant argues there were too many inconsistencies in M.R.'s testimony to make the evidence reliable. Yet, Appellant did not identify one inconsistency. Indeed, the trial court refused to scour the record for inconsistent statements. Trial Court Opinion, 5/7/14, at 19, n.11. Similarly, on appeal, Appellant alleges there were inconsistencies in her version of the facts, but does not identify any of them, and most importantly does not explain why he did not act on them on cross-examination. We, therefore, decline to find merit in this issue.

Next, Appellant challenges the trial court's decision to allow M.R. to testify by closed circuit television, despite the fact Appellant was willing to leave the courtroom during her testimony. On appeal, Appellant focuses on

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

       (i) testifies at the proceeding; or

       (ii) is unavailable as a witness.

**(a.1) Emotional distress.--**In order to make a finding under subsection (a)(2) (ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate. In making this determination, the court may do all of the following:

    (1) Observe and question the child, either inside or outside the courtroom.

    (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting.

42 Pa.C.S.A. § 5985.1(a), (a.1).

- 10 -

the language of the statute, requiring, according to Appellant, a specific finding by the trial court that M.R. would suffer serious emotional distress if she were to be ordered to testify in the courtroom. Because the trial court failed to do so, Appellant concludes, the trial court erred in ordering M.R. testifying from a room other than the courtroom.[8]

The Commonwealth specifically argued against M.R. testifying in the courtroom, even if Appellant was not present, because Section 5985(a)[9]

_____

[8] Appellant, on appeal, but not in his Rule 1925(b) statement, also argues that the trial court's decision not to order the victim to testify in the courtroom violates **Crawford**. The issue was not raised below. Accordingly, it is waived.

[9] Section 5985, in relevant part provides:

> **(a) Contemporaneous alternative method.--**Subject to subsection (a.1), in any prosecution or adjudication involving a child victim or a child material witness, the court may order that the testimony of the child victim or child material witness be taken under oath or affirmation in a room other than the courtroom and transmitted by a contemporaneous alternative method. Only the attorneys for the defendant and for the Commonwealth, the court reporter, the judge, persons necessary to operate the equipment and any person whose presence would contribute to the welfare and well-being of the child victim or child material witness, including persons designated under section 5983 (relating to rights and services), may be present in the room with the child during his testimony. The court shall permit the defendant to observe and hear the testimony of the child victim or child material witness but shall ensure that the child cannot hear or see the defendant. The court shall make certain that the defendant and defense counsel have adequate opportunity to communicate for the purposes of providing an effective defense. Examination and cross-

*(Footnote Continued Next Page)*

expressly allows for a contemporaneous alternative method, and because "[w]ith everybody wearing their uniforms and people wearing guns and all pomp and circumstance that accompanies the formality of a courtroom, if the child is intimidated by that and can't do anything, then I'm dead in the water." N.T., 10/15/13, at 81. Despite the persuasive argument made by the Commonwealth, the trial court gave Appellant the opportunity to provide the trial court with authority supporting an order directing M.R. to testify in the courtroom, as opposed to another room as provided for in the statute. Notwithstanding this opportunity, it appears Appellant did not provide any such authority. Eventually, the trial court stated: "Given [the court's] ruling

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

> examination of the child victim or child material witness shall proceed in the same manner as normally permitted.
>
> **(a.1) Determination.--**Before the court orders the child victim or the child material witness to testify by a contemporaneous alternative method, the court must determine, based on evidence presented to it, that testifying either in an open forum in the presence and full view of the finder of fact or in the defendant's presence will result in the child victim or child material witness suffering serious emotional distress that would substantially impair the child victim's or child material witness's ability to reasonably communicate. In making this determination, the court may do all of the following:
>
>> (1) Observe and question the child victim or child material witness, either inside or outside the courtroom.
>>
>> (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child victim or child material witness in a medical or therapeutic setting.

42 Pa.C.S.A. § 5985(a), (a.1).

- 12 -

on the tender years and [its] review of all proceedings and all of the exposure that [the court] had with the juvenile and more importantly upon review of the statute and any case law, [the court is] denying [Appellant]'s request." N.T. 10/15/13, at 159. Thus, the record belies Appellant's allegation that the trial court did not consider or address the negative impact on the victim resulting from testifying in open court.

Furthermore, Appellant does not explain how he can now challenge the trial court's evidentiary ruling when he did not do so at trial. As noted above, the trial court specifically stated it was open to reconsider its evidentiary ruling upon Appellant providing authority for his position. Apparently did not present any authority. Appellant cannot challenge now what he should have challenged at trial. Evidentiary rulings must be challenged at the time they are made. *See Commonwealth v. Bryant*, 855 A.2d 726, 740 (Pa. 2004) (citing *Commonwealth v. Burkholder*, 595 A.2d 59 (Pa. 1991)) (failure to raise contemporaneous objection to evidence at trial waives claim on appeal).

In any event, even if we were to find appellant did in fact properly challenge the evidentiary ruling, given the explanation provided by the trial court in denying Appellant's request,[10] Appellant fails to articulate any

_____

[10] Appellant argues there is "not a single scrap of testimony in the record," Appellant's Brief at 32, that would support a finding that the victim/witness would suffer from serious emotional distress that would substantially impair
*(Footnote Continued Next Page)*

compelling argument how the trial court abused its discretion in ordering M.R. testifying in a room other than the courtroom, given that the statute specifically so provides.

Finally, Appellant argues the trial erred in not granting a new trial because the verdict was against the weight of the evidence. Specifically, Appellant argues the "evidence used to sustain to Appellant's verdict was so inherently unreliable and contradictory that the jury finding Appellant was guilty [was] based on little more than pure conjecture." Appellant's Brief at 39. We disagree.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
>> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the

*(Footnote Continued)* _____

her ability to communicate should she have been ordered to testify in the courtroom. Appellant, however, overlooks that the trial court's decision on whether to allow the witness to testify through alternative methods was based, *inter alia*, on the trial court's observations of, and interactions with, the witness, and testimony given at the Tender Years hearing. *See* N.T. 10/15/13, at 159. This is consistent with the provisions 42 Pa.C.S.A. § 5985(a.1). While the trial court did not specifically state that testifying in open court would result in the victim suffering from serious emotional distress that would substantially impair her ability to communicate, its reasoned denial of his request implies this much.

evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

[**Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000)] (emphasis added) [(internal citations omitted)].

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

[**Id.**] (quoting [**Coker v. S.M. Flickinger Company, Inc.**, 625 A.2d 1181, 1184-85 (Pa. 1993)]).

**Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013).

Here, Appellant did not advance any argument on how the trial court abused its discretion in not granting a motion for a new trial based upon a weight of the evidence claim. Appellant merely challenges the jury's credibility determinations, which we cannot reweigh. **See Commonwealth v. DeJesus**, 860 A.2d 102, 107 (Pa. 2004) ("The weight of the evidence is

- 15 -

exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses. . . . This Court cannot substitute its judgment for that of the [finder of fact] on issues of credibility") (citations omitted). "Because Appellant fails to address the standard by which this Court reviews a weight of the evidence claim and makes no effort to demonstrate an abuse of discretion by the trial court," *Commonwealth v. Johnson*, 985 A.2d 915, 926 (Pa. 2009), he is not entitled to any relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015