J-S47026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GUY EDWARD YEAGER | |
| Appellant | No. 2086 MDA 2015 |

Appeal from the Judgment of Sentence November 2, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000918-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 09, 2016**

Appellant Guy Edward Yeager appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas following his jury trial conviction for three counts of involuntary deviate sexual intercourse ("IDSI") with a child, and one count each of corruption of minors and indecent assault of a child.[1]  We affirm.

On December 6, 2013, Franklin County Children and Youth Services were notified of allegations that Appellant sexually assaulted his nephew ("Victim").  N.T., 5/18/2015, at 162.  On January 9, 2014, CYS caseworker Nicholas Ranney interviewed Victim.  *Id.* at 166-68.  Detective Travis Carbaugh of the Waynesboro Police Department was present.  *Id.* at 168.

_____

[1] 18 Pa.C.S. § 3123(b), 6301(a)(1)(ii), and 3126(a)(7), respectively.

During the interview, which was videotaped, Victim described the sexual abuse committed by Appellant. On January 15, 2014, Appellant was arrested.

On February 28, 2014, the Commonwealth filed a tender years motion and a motion for closed-circuit testimony.[2] The Commonwealth sought to introduce statements Victim made to his Mother and statements he made during the January 9, 2014 interview. The Commonwealth also requested permission to allow Victim to testify by contemporaneous alternative method so that he did not have to testify before Appellant.

On April 23, 2014, the trial court held a hearing on the motions. At the hearing, Mr. Ranney and Victim's mother testified, and Victim testified *in camera*. On April 29, 2014, the trial court found Mr. Ranney could testify to statements Victim made to him on January 9, 2014, but found Mother would not be permitted to testify regarding statements Victim made to her. The court also granted the Commonwealth's motion for closed-circuit testimony.

On May 19, 2015, a jury found Appellant guilty of three counts of IDSI of a child, and one count each of corruption of minor and indecent assault of a child.[3] The trial court ordered that the Sexual Offender's Assessment

---

[2] The Commonwealth previously requested a continuance of the preliminary hearing in order to file the motions, and the request was granted.

[3] Victim testified at trial via closed-circuit television. N.T., 5/18/2015, at 33-106. The video of Mr. Ranney's interview of Victim also was played for the jury during Mr. Ranney's testimony. *Id.* at 169.

- 2 -

Board ("SOAB") conduct an assessment of Appellant and prepare a report evaluating whether Appellant met the criteria as a sexually violent predator ("SVP").[4]  On November 2, 2015, the trial court held a hearing, and found Appellant met the criteria as a SVP.  That same day, the trial court sentenced Appellant to 25 to 60 years' imprisonment.[5]

Appellant filed a timely notice of appeal.  Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[6]

Appellant raises the following issue on appeal:

> Did the trial court err or abuse its discretion when it granted the Commonwealth's [t]ender [y]ears [m]otion allowing Nicholas Ranney to testify as to hearsay statements the alleged victim made to him because the time, content and circumstances of the statements did not provide sufficient indicia of reliability due to the inconsistency of the statements made, the use of terminology unexpected of a child of similar age and the presence of a motive to fabricate?

Appellant's Brief at 8.

_____

[4] In his 1925(b) statement, Appellant also alleged the trial court erred or abused its discretion when it classified Appellant as a SVP.  He, however, does not challenge the court's SVP classification in his appellate brief. Therefore, he has waived this claim.  Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

[5] The trial court sentenced Appellant to the following consecutive sentences: 96 to 240 months' imprisonment for each IDSI conviction; 6 to 12 months' imprisonment for the corruption of a minor conviction; and 6 to 12 months' imprisonment for the indecent assault conviction.

[6] The trial court's 1925(a) opinion incorporates its April 29, 2014 memorandum addressing the Commonwealth's tender years motion.

This Court applies the following standard of review for admission of evidence claims:

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus, [this Court's] standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Commonwealth v. Lopez*, 57 A.3d 74, 81 (Pa.Super.2012) (quoting *McManamon v. Washko*, 906 A.2d 1259, 1268–1269 (Pa.Super.2006)).

The Pennsylvania Rules of Evidence define hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). "Hearsay is not admissible except as provided by [the Pennsylvania Rules of Evidence], by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. In Pennsylvania, the Tender Years Act, 42 Pa.C.S. § 5985.1, creates an exception to the hearsay rule for victims of childhood sexual abuse. *See Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 988 (Pa.Super.2007).

The tender years exception provides:

> **(a) General rule.**–An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not

otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

> (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) the child either:
>
> > (i) testifies at the proceeding; or
> >
> > (ii) is unavailable as a witness.[7]

42 Pa.C.S. § 5985.1. "The tender years exception allows for the admission of a child's out-of-court statement because of the fragile nature of young victims of sexual abuse." ***Commonwealth v. Lukowich***, 875 A.2d 1169, 1172 (Pa.Super.2005), *appeal denied*, 885 A.2d 41 (Pa.2005). A statement admitted under Section 5985.1 must possess sufficient indicia of reliability,

---

[7] Pursuant to the Tender Years Act:

> [T]o make a finding under subsection (a)(2)(ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate. In making this determination, the court may do all of the following:
>
> (1) Observe and question the child, either inside or outside the courtroom.
>
> (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting.

42 Pa.C.S. § 5985.1(a.1).

as determined from the time, content, and circumstances of its making. *Commonwealth v. O'Drain*, 829 A.2d 316, 320 (Pa.Super.2003) (citing *Commonwealth v. Fink*, 791 A.2d 1235, 1248 (Pa.Super.2002)). Courts consider various factors to determine whether the statements are reliable, including "the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age and the lack of a motive to fabricate." *Commonwealth v. Walter*, 93 A.3d 442, 451 (Pa.2014) (quoting *Commonwealth v. Delbridge*, 855 A.2d 27, 34 n. 8 (Pa.2003)).

Appellant concedes the statements are relevant, but argues the statements do not contain sufficient indicia of reliability.

The trial court found:

> After viewing the video recording of the January 9, 2014 interview and considering the above[-]enumerated factors, the [c]ourt finds that [Victim's] statements to Nicholas Ranney provide sufficient indicia of reliability. First, [Victim] said that he did not know why he was brought in for the interview but initially started disclosing information about the alleged abuse spontaneously. Ranney asked [Victim] if he visits any family members, and [Victim] said that he goes to see his grandmother but he is not around [Appellant] anymore. [Victim] said his grandmother kicked [Appellant] out of the house for molesting him. [Victim] was also consistent in the interview as he did not recant any statements and he gave very specific, organized details about the alleged incidents. For example, [Victim] explained the orientation of [Appellant's] bedroom. Also, the statements [Victim] said to Ranney were consistent with the statements he said to his Mother, specifically that the alleged incidents occurred in [Appellant's] bedroom. Also [Appellant] told [Victim] to "do what girls do," and that he "sucked" [Victim's]

"privates." Second, there is little evidence on [Victim's] mental state when he made the statements, but he appeared on the video recording to be unimpaired. Additionally, [Victim] said that [Appellant] told him "not to let anyone know," that it was a "secret" between [Victim] and [Appellant]. Such statements show sufficient indicia of reliability as [Victim] likely feared retribution from [Appellant]. *See Commonwealth v. Kriner*, 915 A.2d 653, 660 n.3 (Pa.Super.2007) (the child victim "made the statements despite [the] fact that she was suffering negative consequences as a result of the disclosure."). Third, [Victim] recounted the details of the alleged sexual acts which children his age may not be likely to know, but in terms a child with actual knowledge of such acts would likely use. For example, [Victim] said that [Appellant] put his "you know what" into his "rear end" when he "humped" him. [Victim] also said that [Appellant] "sucked" his "private," and "sucked" his "thinger" and "humped" him. [Victim] said that [Appellant] told him to "touch his private and do what a girl does." Also, [Appellant] "put a rubbery thing on his private," and when he humped [Victim], his "you know what" was inside [Victim's] "rear end." [Victim] also said that [Appellant] "was an adult and my mom told me to listen to any adult." Fourth, there was no evidence presented to show [Victim] had a motive to fabricate. The [c]ourt finds the time, content, and circumstances of [Victim's] statements to Nicholas Ranney provide sufficient indicia of reliability.

Opinion and Order of Court, filed Apr. 19, 2014, at 7-80. The trial court considered the factors and did not abuse its discretion or err in applying the law.

Appellant argues that the statements were not spontaneous because they were influenced by an "external stimulus." Appellant's Brief at 14. He claims Victim stated that Appellant used to work for a carnival "but he got fired a week later because of molesting children" and that Victim's grandmother kicked Appellant out of the house "for molesting me." *Id.*

Appellant argues Victim would not have first-hand knowledge of Appellant's termination of employment or of the reason his Grandmother did not let Appellant live at her home. *Id.* at 15. Therefore, Appellant argues, someone told Victim the information, and the statements were not spontaneous. *Id.* However, as the trial court noted, Victim did not know why he was being interviewed and offered many details about the incidents of abuse.

Appellant also maintains that Victim's use of the term "molested" was not age-appropriate, and established that someone told Victim what to say. Appellant's Brief at 16. However, Appellant fails to establish that a 10-year-old would not use the term "molested." Further, even if someone had told Victim that Appellant had lost his job because he molested someone or told Victim that Appellant had molested him, Victim described the "molestation" during the interviewing, using details and age-appropriate terms.

Appellant next argues that there was no indication during the interview of when the alleged abuse occurred and that the January 9, 2014 interview occurred a month after the December 6, 2013 allegation of abuse made to CYS. Appellant's Brief at 17. Appellant maintains, because of the time delay, Victim was less likely to accurately remember the incidents. *Id.* However, as noted above, Appellant recalled many details of the incidents, and was able to relay those details during the interview.

Appellant also maintains that the presence of Detective Carbaugh, a police officer, gave Appellant motive to fabricate. Appellant's Brief at 17-18.

Appellant provides no support for this contention. Further, during his competency examination, Victim stated that he believed he could "get in a lot of trouble" for lying. N.T., 5/18/2015, at 36.

The trial court acted within its discretion when it admitted the statements Victim made during the January 9, 2014 interview pursuant to the Tender Years Act.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2016