J. S15020/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
MICHAEL L. HOWARD, :
:
Appellant : No. 2569 EDA 2015

Appeal from the PCRA Order August 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002767-2010

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 28, 2017**

Appellant, Michael L. Howard, appeals from the August 7, 2015 Order entered in the Philadelphia County Court of Common Pleas denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm on the basis of the PCRA court's July 8, 2016 Opinion.

This Court previously set forth the underlying facts and we need not repeat them in detail. ***See Commonwealth v. Howard***, 64 A.3d 1082, 1084-86 (Pa. Super. 2013). In summary, Appellant's charges arose out of a police investigation of the sale of illegal drugs from a residence at 5820 N. 12th Street in Philadelphia. On August 9, 2011, following a stipulated bench trial, the trial court convicted Appellant of Possession of a Controlled Substance With Intent to Deliver ("PWID") and related offenses. On

September 23, 2011, the trial court sentenced Appellant to an aggregate term of 15 to 30 years' imprisonment.

This Court affirmed Appellant's Judgment of Sentence on March 19, 2013. *Commonwealth v. Howard*, 64 A.3d 1082 (Pa. Super. 2013). On August 28, 2013, our Supreme Court denied allowance of appeal. *Commonwealth v. Howard*, 74 A.3d 118 (Pa. 2013).

On November 4, 2013, Appellant filed a *pro se* PCRA Petition, later amended by appointed counsel, claiming that newly discovered evidence of police misconduct entitled him to a new trial. Amended PCRA Petition, 9/29/14, at 2. Specifically, Appellant alleged facts about Officer John Speiser, the affiant on the search warrant and one of the officers involved in executing the search warrant, including, *inter alia*, that he was "indicted by the federal government on July 30, 2014 and charged with robbery, falsification of records, RICO and related crimes." *Id.* Appellant avers that Officer Speiser, "played a significant role in [this] case[,]" and that Appellant should be granted a new trial because Officer Speiser's testimony is tainted. Appellant's Brief at 11.

After providing notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition without a hearing on August 7, 2015.

Appellant filed a timely *pro se* Notice of Appeal. On February 12, 2016, the PCRA court conducted a hearing pursuant to *Commonwealth v.*

*Grazier*, 713 A.2d 81 (Pa. 1998), permitted Appellant to represent himself

*pro se*, and removed Appellant's court-appointed attorney. Both Appellant

and the trial court complied with Pa.R.A.P. 1925.[1]

Appellant presents four issues for our review:

I. Whether PCRA court erred in the dismissal of Appellant's PCRA Petition, depriving Appellant [*sic*] due process of the law, equal protection, fundamental fairness, where, in view of the facts and circumstances within Appellant's case, was the court arbitrary when it failed to treat Appellant's case as to case(s) similarly-situated where relief was proportionally allocated?

II. Whether PCRA court erred in depriving Appellant [of the] right to a full and fair PCRA proceeding, when the court failed to provide an adequate opinion/reason(s) for dismissal, and for failing to address all of the claims raised in Appellant's *pro se* PCRA Petition?

III. Whether PCRA counsel inaction amounted to ineffective [assistance] when he failed to file a proper/amended PCRA Petition, and where PCRA counsel performance during PCRA proceedings was deficient?

IV. Whether PCRA counsel was ineffective when conflict of int[e]rest rose allowing co-representation with counsel who Appellant petitioned ineffective (layered claim) in Appellant's *pro se* PCRA Petition?

Appellant's Brief at 3 (capitalization omitted).

We review the denial of a PCRA Petition to determine whether the

record supports the PCRA court's findings and whether its order is otherwise

---

[1] On February 6, 2017, Appellant filed an Application for Relief urging this Court to decide his case on the merits and sanction the Commonwealth because the Commonwealth failed to file a timely brief. Appellant's Application is hereby denied. *See* Pa.R.A.P. 2188 (the consequence of an appellee's failure to file a timely brief is denial of participation in oral argument unless the court directs otherwise).

free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

In his first claim, Appellant avers that the PCRA court erred in dismissing his claim regarding Officer Speiser's tainted testimony because the PCRA court had purportedly granted relief in similar cases. Appellant's Brief at 11-18. Appellant argues that failing to treat "similarly-situated

litigants in a [consistent] manner" constitutes a denial of equal protection. *Id.* at 18.

The PCRA provides relief for a petitioner who demonstrates his conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). To establish a claim of newly discovered evidence, a petitioner must prove that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *Commonwealth v. Sepulveda*, 144 A.3d 1270, 1276 n.14 (Pa. 2016). Newly discovered evidence must be producible and admissible in order to entitle a petitioner to relief. *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014).

It is axiomatic that "[a]llegations are not evidence." *Commonwealth v. Delbridge*, 859 A.2d 1254, 1258 (Pa. 2004) (plurality). "One cannot glean from [] bald allegations what evidence of misconduct appellee intended to produce." *Castro*, *supra* at 825.

Based on its review of the record, the PCRA court determined that Appellant failed to establish that Officer Speiser played a critical role in his

arrest and prosecution. PCRA Court Opinion, 7/8/16, at 3. The PCRA court explained its reasoning as follows:

> According to the police paperwork, which was also included in [A]ppellant's objection to the Rule 907 Notice, Police Officer Deirdre Still and Police Officer Simpson set up the surveillance and made observations at 5820 [N.] 12th [S]treet in response to complaints about the sale of illegal drugs. Officer Still observed approximately four transactions involving [A]ppellant and other parties over the course of the surveillance and radioed that information to back-up officers. In addition, the paperwork indicates that [A]ppellant was placed under arrest by back-up officer, Officer Kensley, who also performed the search incident to arrest[,] which netted, among other things, crack cocaine. Officer Still also testified at trial. None of these officers were among those named in the federal indictment. Accordingly, Speiser did not play a critical role in the prosecution of [A]ppellant's case and the [c]ourt did not commit error by failing to grant [A]ppellant relief on this claim.

*Id.*

Our review of the certified record confirms the PCRA court's findings. Officer Speiser testified at Appellant's preliminary hearing, stating that he prepared the search warrant and later led the team that executed the search warrant at 5820 N. 12th Street. N.T., 3/3/10, at 14-18. At Appellant's stipulated bench trial following the denial of his Motion to Suppress, the Commonwealth proffered Officer Speiser's testimony regarding the preparation and execution of the search warrant following Officer Still's observations of the drug transactions, as well as the evidence Officer Speiser and his squad recovered from 5820 N. 12th Street. N.T. 8/9/11, at 38-41.

Insofar as Appellant has attached several newspaper articles regarding the six indicted police officers, including Officer Speiser, the newspaper

articles do not meet the definition of "evidence" because they are merely the reporter's version of facts and are not admissible at trial. **Commonwealth v. Griffin**, 137 A.3d 605, 610 (Pa. Super. 2016). As our Supreme Court held in **Castro**, "[w]hile newspaper articles can alert a party to the possible existence of evidence, the party must do more than attach the article as establishing the **evidence** that will meet the four-pronged test." **Castro**, **supra** at 827 (emphasis added).

Further, "[a]n evidentiary hearing ... is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim." **Castro**, **supra** at 828. "[T]here must be actual discovery of actual evidence, not merely the possibility of such evidence." **Id.**

Assuming, *arguendo*, Officer Speiser's testimony is "tainted" and excludable, the remaining untainted evidence that supports the guilty verdict would be largely unaffected. We agree with the PCRA court's analysis, and conclude that Appellant failed to prove that his newly discovered evidence would likely compel a different verdict.

In his second claim, Appellant avers that the PCRA court failed to provide an adequate Pa.R.A.P. 1925(a) Opinion because the PCRA court did not address all of the claims he raised in his *pro se* PCRA Petition. Appellant's Brief at 3, 18-22.

The PCRA court addressed Appellant's claim as follows:

> Appellant next complains that the [c]ourt failed to provide an adequate opinion addressing all of the claims raised in his *pro se* PCRA [P]etition. Appellant's assertion is misplaced. The counseled [P]etition presented to the [c]ourt raised the issue of police misconduct in the prosecution of [A]ppellant's case. The PCRA court is only required to address the issues raised in the counseled [P]etition, which the [c]ourt did. [**See Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1999)] ("We will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants[.]"). Furthermore, in response to the [c]ourt's 1925(b) order, appellate counsel indicated that she could identify no meritorious issue(s) to raise on appeal and it was her intent to file an **Anders** brief. Consequently, the [c]ourt declined to file a formal opinion. **See Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006) (a 1925(b) statement must specify for the trial court, the issues the [A]ppellant wishes to raise on appeal). Accordingly, this complaint lacks merit.

PCRA Court Opinion, 7/8/16, at 4. We agree with the PCRA court's analysis.

Appellant's counseled PCRA Petition only raised claims regarding Officer Speiser and his tainted testimony. **Pursell**, **supra**, held that a PCRA court need not rule on each issue raised in a lengthy *pro se* filing prior to the appointment of PCRA counsel. **See also Commonwealth v. Markowitz**, 32 A.3d 706, 713 n.5 (Pa. Super. 2011) (stating "Amended petitions are required on first-time PCRA cases, and the PCRA court is only permitted to address issues raised in a counseled petition." (citations omitted)). Accordingly, Appellant's second claim merits no relief.

Appellant's last two issues challenge the effective assistance of PCRA counsel.[2] The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. **Id.** To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. **Commonwealth v. Jones**, 811 A.2d 994, 1002 (Pa. 2002).

First, Appellant must meet the "arguable merit" prong. "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" **Commonwealth v. Pierce**, 645 A.2d 189, 194 (Pa. 1994) (quotation and citation omitted). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim."

---

[2] Appellant baldly asserts the ineffective assistance of trial and direct appeal counsel, but he failed to raise these issues as separate ineffectiveness claims in his statement of questions and Appellant failed to develop intelligible arguments regarding these claims in his Brief. Thus, these claims regarding trial and direct appeal counsel are waived. Pa.R.A.P. 2116, 2119.

*Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004) (quotation and citation omitted).

Second, Appellant must meet the "no reasonable basis" prong. We apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. *Pierce*, *supra* at 194-95. "If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective." *Id.* at 195 (quotation and citation omitted).

Third, Appellant must meet the "prejudice" prong. "Prejudice is established when a defendant demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings." *Commonwealth v. Chambers*, 807 A.2d 872, 883 (Pa. 2002) (quotation marks and citation omitted). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Honorable Sheila Woods-Skipper, sitting as the PCRA court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing to the record and relevant case law in addressing Appellant's ineffectiveness claims and concluding that Appellant relied on boilerplate allegations of

- 10 -

ineffective assistance of counsel and that Appellant's vague, generalized, and undeveloped claims are not reviewable. *See* PCRA Court Opinion, 7/8/16, at 6-7. The record supports the PCRA court's findings and its Order is otherwise free of legal error. We affirm on the basis of the PCRA court's July 8, 2016 Opinion. *Id.*

The parties are instructed to attach a copy of the PCRA court's July 8, 2016 Opinion to all future filings.

Order affirmed. Application for Relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017