859 A.2d 1254

COMMONWEALTH of Pennsylvania, Appellee,

v.

Gerald John DELBRIDGE, Appellant.

Supreme Court of Pennsylvania.

Argued April 10, 2002.

Decided Oct. 21, 2004.

Mark M. Mack, Esq., Thomas A. Pavlinic, Esq., *pro hac vice*, Kingston, for G. Delbridge.

David M. McGlaughlin, Esq., Philadelphia, for PA Association of Criminal Defense Lawyers.

David W. Lupas, Esq., Frank P. Barletta, Esq., Wilkes Barre, for Commonwealth of Pennsylvania.

BEFORE: ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## *OPINION AFTER REMAND*

Chief Justice CAPPY.

On September 25, 2003, this court filed an opinion and order, wherein we retained jurisdiction and remanded this case to the trial court for a new competency hearing. *Commonwealth v. Delbridge*, 578 Pa. 641, 855 A.2d 27 (2003). That hearing has been completed, and the record and supplemental trial court opinion have been returned to our court. The case is now ready for final disposition. For the reasons set forth below, we now affirm the decision of the Superior Court, which in turn, affirmed the judgment of sentence.

This appeal was set in motion by Appellant's convictions on two counts each of endangering the welfare of children, 18

Pa.C.S.A. § 4304, corruption of minors, 18 Pa.C.S.A. § 6301(a), aggravated indecent assault, 18 Pa.C.S.A. § 3125(7), and indecent assault. 18 Pa.C.S.A. § 3136(a)(7). Appellant's convictions arise from his sexual abuse of his minor children, A.D. and L.D. At the time of the charged conduct, the children were ages six and three, respectively. The Superior Court affirmed the judgment of sentence. This court granted allowance of appeal to consider an issue of first impression: whether we should recognize the concept of taint, and if so, is taint a subject properly explored during a hearing testing the competency of a child witness in a sexual abuse case.

It is helpful to our continued discussion of these questions to begin by repeating the definition of taint and our findings in regard to that concept contained in our earlier opinion:

The core belief underlying the theory of taint is that a child's memory is peculiarly susceptible to suggestibility so that when called to testify a child may have difficulty distinguishing fact from fantasy. *See* Josephine A. Bulkley, *The Impact of New Child Witness Research on Sexual Abuse Prosecutions*, in *Perspectives on Children's Testimony*, 208, 213 (Stephen J. Ceci *et al.* eds, 1989). **Taint is the implantation of false memories or the distortion of real memories caused by interview techniques of law enforcement, social service personnel, and other interested adults, that are so unduly suggestive and coercive as to infect the memory of the child, rendering that child incompetent to testify.** *See,* Julie Jablonski, *Assessing the Future of Taint Hearings*, 33 Suff. J. Trial & App. Adv., 49, 50 (1998).

*Delbridge,* 855 A.2d at 34–35. (emphasis supplied).

After reviewing the developing caselaw among our sister states, we held that an allegation of taint raises a legitimate question of witness competency in cases involving complaints of sexual abuse by young children. *Id.* at 34. Because taint implicates the ability of a child to distinguish real memories of an event from falsely implanted suggestions, we found that taint could infect the mental capacity of the child witness to independently recall the event and truthfully

testify. The capacity to remember and the ability to testify truthfully about that memory are components of competency. *Rosche v. McCoy,* 397 Pa. 615, 156 A.2d 307, 310 (1959). Therefore we held that taint was best explored in a competency hearing. *Delbridge,* at 40. In discussing the contours of a competency hearing where taint is at issue, we held that it is the burden of the party raising the question first, to present some evidence of taint before exploration of that question will be considered, and second, to overcome the presumption of competency by clear and convincing evidence. *Id.*

Further, our court found that in this case, Appellant had presented some evidence that would justify exploration of the issue of taint regarding the competency of the minor witnesses, A.D. and L.D., necessitating a remand for a new competency hearing. *Id.* at 41.[1] Within its obligation to preside over a new competency hearing, we directed that the trial court consider the necessity and admissibility of expert testimony on the subject of taint. In addition, as Appellant also challenged certain hearsay statements made by the children to third parties, arguing that if the memories of the children were corrupted by taint, that taint would also affect the trustworthiness of the hearsay statements, we withheld disposition of that issue pending the outcome of the hearing on remand.

Upon considering the testimony presented at the new competency hearing, the trial court concluded that Appellant failed to meet his burden of proving that the children were tainted by clear and convincing evidence. Accordingly, the court again found that the children were competent. In addition,

---

1. Our conclusion that Appellant had presented *some evidence* sufficient to warrant exploration of taint was based on the fact of the children's age (they were ages six and three at the time of the assaults), and Appellant's assertions that, if he had been given the opportunity, he could establish that the children were subjected to extensive, repetitive interviews conducted by various authority figures, present evidence of possible vilification of Appellant by persons conducting the interviews, and demonstrate that the children were subject to abnormal influence by their mother because the mother suffered from paranoia over her own sexual victimization as a child, and because the assaults occurred during a period of marital discord between Appellant and the mother. *Id.* at 34.

the trial court found that there was no necessity to admit expert testimony on the question of taint and further, that the expert testimony proffered by Appellant did not satisfy the requirements for admissibility. Finally, the trial court concluded that, as there was no taint, the reliability of the hearsay statements by the children were not subject to attack on that basis.

 At present, we are required to review the trial court's ruling after remand on the question of competency and the related ruling as to the reliability of the hearsay statements. This court's standard of review of a trial court ruling on competency is for an abuse of discretion. *Rosche,* 156 A.2d at 309. Abuse of discretion is also the standard for review of trial court decisions on evidentiary rulings. *Commonwealth v. Wallace,* 522 Pa. 297, 561 A.2d 719 (1989). The scope of our review is plenary as this court may review the entire record in making its decision. *See Buffalo Township v. Jones,* 571 Pa. 637, 813 A.2d 659, 664 n. 4 (2002).

Early on in this case, Appellant challenged the competency of A.D. and L.D., raising the question of their ages and the outside influences placed on them in bringing forth their actual recollections regarding acts of sexual abuse. Appellant maintained throughout these proceedings that A.D. and L.D. were subjected to repetitive interviews by various authority figures, such as police officers, psychologists, social workers, medical doctors and attorneys, and that the interviewers were biased in their attitude towards Appellant, creating the inference that the information gained through the interview process was compromised. The information gathering process was also attacked by Appellant because of the influences placed upon A.D. and L.D. by their mother. It was Appellant's position that Mrs. Delbridge influenced the memories of A.D. and L.D. because of her own experiences as a child victimized by sexual abuse.

As directed by our earlier opinion, the trial court conducted a new competency hearing to allow Appellant a full opportunity to present evidence supporting his claim of taint. At the

hearing, it was Appellant's burden to overcome the presumption of competency and establish by clear and convincing evidence that A.D. and L.D. were not competent witnesses as their proffered testimony was irreparably compromised by taint. *Delbridge*, 855 A.2d at 40.

On January 27, 2004, the trial court began hearing testimony on the question of taint. The hearing began with the Commonwealth calling A.D. and L.D. to the stand, establishing for the record that the children met the threshold for testimonial competency. *Rosche*, 156 A.2d at 310. Each child demonstrated the basic ability to communicate, to understand questions, and provide appropriate responses, to observe and recall an event, to differentiate between reality and make-believe, and to understand the consequences of telling a lie. (Evidentiary Hearing Transcript of January 27, 2004, pp. 11–14 and pp. 37–44, hereinafter "H.T.1")[2]. Appellant then cross-examined A.D. and L.D. as to their memories of the investigation that preceded their testimony at the 1999 trial of Appellant on charges of sexual abuse. Appellant was given great latitude in his questioning of A.D. and L.D. regarding the memories of each child as to the interview process, their interactions with the various interviewers, and any influence their mother exercised over them during the investigation. Appellant failed to elicit any testimony from the children supporting his allegations that A.D. and L.D. had been subjected to repetitive, suggestive, or coercive interview techniques, to interviewer bias, or to inappropriate influence from their mother. (H.T.1. pp. 11–50). No other witnesses were called regarding the circumstances of the investigative interviews involving A.D. and L.D.[3]

2. The evidentiary hearing continued on February 3, 2004; references to the transcript of the proceedings on that day will be designated by "H.T.2."

3. The trial court, in its opinion, noted the absence of witnesses involved in the original investigation, such as: Mrs. Delbridge, the mother of A.D. and L.D.; Rhonda Bates, a Berks County Children and Youth Services (hereinafter "CYS") caseworker who had interviewed Mrs. Delbridge and A.D. in 1994; Dr. Christenson, M.D., who performed a physical examination of A.D. at the request of Berks County CYS in 1994; Mary Trivlepiece, A.D.'s kindergarten teacher in 1997; Linda

The trial court in its assessment of the record presented at the new competency hearing concluded that Appellant failed to demonstrate the presence of taint and thus, necessarily failed to meet his burden of establishing by clear and convincing evidence that the competency of A.D. and L.D. was compromised by taint. We agree with that conclusion. Appellant failed to develop a record supporting his assertions as to the existence of taint that prompted this court in this first place to order the remand for a new competency hearing. Allegations are not evidence; the proponent of taint carries the burden of persuasion, that burden was not met in this instance.

Failing to develop evidentiary support for his allegations of taint, Appellant nevertheless presented expert testimony in furtherance of his argument that the children were incompetent witnesses because their memory of events at issue had been compromised by taint. The trial court admitted the expert testimony in order to develop a full record for this court's consideration of all the claims. Dr. Arnold T. Shienvold, Ph.D., BCFE, testified as an expert witness for Appellant. The trial court then entertained the responsive testimony of Dr. Daniel Brown, Ph.D., as an expert witness for the Commonwealth.

Dr. Shienvold is a licensed psychologist whose practice involves the forensic evaluation of children regarding their allegations that they have been the victims of sexual abuse. Dr. Shienvold testified as to the proper protocol for interviewing children when the child raises an allegation of sexual abuse, to factors that indicate taint, and to the impact of taint on the competency of the child. (H.T.1 pp. 62–87). As a licensed psychologist, he informed the court of the various studies regarding the susceptibility of children to suggestion

Keck, the psychologist who treated A.D. in 1998; State Troopers Zellner and Salerno, who were involved in the criminal investigation of the current charges; Wilma Snopek, a Luzerne County CYS caseworker who interviewed A.D. and L.D. in 1998; Lisa Delgaudio, an intake worker for Luzerne County CYS; Dr. James Caggiano, M.D., who performed a physical examination of A.D. in 1998; and Dr. Bruno, M.D., who conducted a medical examination of A.D. in 1998.

and how that susceptibility can lead the child to believe fictional events occurred simply through the implanting of false memories by repetitive interviews. (H.T.1 pp. 118–126). Dr. Shienvold offered his opinion, after reading the prior trial testimony of A.D. and L.D., the official reports of the interviews of the children, and observing the children testify at the evidentiary hearing, that there was taint present in the trial testimony of A.D. and L.D. and that their testimonial competency was affected by taint. (H.T.1 pp. 131–137).

The Commonwealth offered the testimony of Dr. Brown, an assistant clinical professor of psychology at Harvard University, specializing in memory and trauma. Dr. Brown testified regarding the two schools of thought in psychology on the fallibility of human memory. (H.T.1 pp. 250–270). It was his belief that the majority view found human memory to be accurate while the minority view subscribed to the belief that human memory is inaccurate. Dr. Brown offered that even within the minority view, many psychologists believed that inaccuracies in recalling events faded over time, and the accurate memories remained. In Dr. Brown's view, only the exposure to false and misleading information supplied to the witness by suggestive interview techniques could create a potential for taint. In his review of the same reports and testimony relied upon by Dr. Shienvold, he found no evidence of taint that would impact the competency of A.D. and L.D. (H.T.2 p. 115).

■ Although the trial court granted both parties great leeway in presenting their respective expert witnesses, it was the trial court's opinion that expert testimony was unnecessary in this case on the issue of competency, because there was a failure of proof as to taint. We also agree with that conclusion. In this narrow group of cases, involving allegations of sexual abuse inflicted upon children of tender years, the existence of taint is a threshold question to determining competency. An expert may testify to assist the factfinder in evaluating competency in those cases where taint is present. Here, as no proof of taint was demonstrated, expert testimony was unnecessary. *Delbridge* 855 A.2d at 43.

In the event that this court would find expert testimony necessary, the trial court went on to evaluate the scientific acceptance of taint in the arena of psychology and found that the concept of taint was not generally accepted in that community and thus, not admissible under the *Frye* test.[4] First, we must point out that in our initial opinion in this case this court accepted the concept of taint. *Delbridge* 855 A.2d at 39. On the question of expert testimony, we felt confident that each individual trial jurist could assess the need for expert testimony within a competency hearing where taint is at issue, on a case by case basis. *Id.* at 43. It is in this limited context, where taint has been proven, and the factfinder must then assess the impact of that taint upon competency, that we left open the question of admissibility of expert testimony as it relates to the ultimate question of competency. *Id.* Because we agree that expert testimony was not needed here, given the failure of Appellant to develop proof of taint in this case, we do not need to review the trial court's conclusion as to admissibility. Rather, it would be prudent to leave for another day, in a case in which the record supports proof of taint, the need for expert testimony to aid the factfinder on the issue of competency. We do note that whether expert testimony is admissible without meeting the requirements of *Frye* is an open question as *Frye* only applies to novel scientific evidence. *See* Pa.R.E. 702; *Grady v. Frito–Lay,* 576 Pa. 546, 839 A.2d 1038, 1044 (2003); *see generally* MORIARTY, 1 PSYCHOLOGICAL AND SCIENTIFIC EVIDENCE IN CRIMINAL TRIALS § 2:6. We do not at this time render an opinion on whether psychological expertise on taint, and the impact of taint on competency, is the type of evidence that falls within the purview of *Frye*.[5]

4. *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923). The *Frye* test is also known as the general acceptance test, as it governs the admissibility of novel scientific evidence by requiring that the principles from which the scientific deduction is made be generally accepted within the particular field of science at issue before the evidence will be admitted in a court of law. *See* JANE CAMPBELL MORIARTY, 1 PSYCHOLOGICAL AND SCIENTIFIC EVIDENCE IN CRIMINAL TRIALS § 1:18.

5. In Pennsylvania, expert testimony is admissible when a matter in issue is beyond the common knowledge of the factfinder:

As a final matter, we must address Appellant's taint related challenge to the introduction at trial of the hearsay statements of A.D. and L.D., which were admitted pursuant to 42 Pa. C.S.A. § 5985.1.[6] Because this issue required a resolution of the allegation of taint, we had withheld disposition of this evidentiary claim of error. Appellant challenged the trial court's determination of admissibility, asserting that should he prove that the children's testimony was tainted, their statements admitted under the hearsay exception would be rendered inadmissible for failing to meet the requirements for trustworthiness established in *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Appellant focused on the improper manner in which the children were interrogated about the abuse and the possibility that the memories of the children were distorted by the overlay of false memories. Having concluded that there is no evidence of taint, we have no reason for further inquiry as to the impact of taint on the reliability of the hearsay statements admitted at the trial.

Following remand, having completed our consideration of all aspects of this case, we affirm the judgment of sentence.[7]

Jurisdiction relinquished.

If scientific, technical or other specialized knowledge beyond that possessed by a layperson will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise.
Pa.R.E. 702.

6. 42 Pa.C.S.A. § 5985.1 provides in relevant part:

(a) **General rule.**-An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing physical abuse, indecent contact or any of the offenses enumerated in 18 Pa.C.S. Ch. 31 (relating to sexual offenses) performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal proceeding if:

(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) the child ...

(i) testifies at the proceeding ....

7. Appellant's Application for Relief requesting oral argument and additional briefing is denied.

Former Chief Justice ZAPPALA did not participate in the decision of this case.

Justice NIGRO files a concurring opinion.

Justice EAKIN files a concurring opinion.

Justice SAYLOR files a dissenting opinion.

Justice NIGRO, concurring.

I continue to believe, as more fully explained in my dissenting opinion in the first *Commonwealth v. Delbridge*, 578 Pa. 641, 855 A.2d 27 (2003) (*"Delbridge I "*), that taint is a matter of credibility, not competency, and is therefore not the proper subject of either expert testimony or a competency hearing. On that basis, I disagreed with the majority's decision in *Delbridge I* to remand the instant matter for a new competency hearing to explore Appellant's allegations of taint. However, as such a competency hearing has now been held, consistent with the mandate of a majority of this Court, I certainly agree with the majority here that Appellant has failed to meet his burden of proving by clear and convincing evidence that the children were, in fact, tainted.

Justice EAKIN, concurring.

In the original consideration of this case, I expressed the belief that without a threshold showing of taint, more than a defendant's say-so, such allegations should not result in a hearing on competence. Now, there having been nothing more than young victims and defendant's cry of "taint," these children have testified one *more* time, and we are still wrestling with matters which have for years been handled with traditional jurisprudential concepts. As Justice Nigro ably notes again, this is a matter of credibility, not competence, and should have been dealt with accordingly.

Justice SAYLOR, dissenting.

Although I take no issue with the majority's substantive analysis, fundamental fairness would seem to me to dictate that Appellant should be afforded some opportunity to be

heard in an appellate court concerning the trial court's opinion on remand. Since the majority deprives Appellant of any opportunity in this regard, *see* Majority Opinion at 78 n. 7, 859 A.2d at 1261 n. 7, I am unable to join its opinion or disposition.