J-S63003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN DEWAYNE WELLS | |
| Appellant | No. 1237 WDA 2016 |

Appeal from the Judgment of Sentence July 20, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003524-2015

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 12, 2017**

John Dewayne Wells appeals from the judgment of sentence of three to six years incarceration imposed following his conviction for possession of a firearm by a prohibited person and resisting arrest. Emily M. Merski, Esquire, has filed a petition to withdraw from representation and a brief pursuant **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant the petition and affirm.

The trial court ably set forth the facts established by the Commonwealth at Appellant's jury trial in its Pa.R.A.P. 1925(a) opinion.

> At 2:43 p.m. on October 4th, 2015, City of Erie police officers, including Officers David Smith and David Madurski, were dispatched to the area of East 24th Street, Erie, Pennsylvania between Wayne and Perry Streets. This dispatch was the result of a 911 call from a female identified as Brenda Newby, who witnessed two (2) individuals involved in an altercation, with one

of the individuals drawing a firearm on the other. According to Ms. Newby, the individual who drew the firearm, later identified as Appellant John Dewayne Wells, was a black male wearing a blue checkerboard shirt and a matching blue checkerboard hat as well as blue jeans.

Officer Smith learned that other officers had observed Appellant, who matched the description of the individual who drew the firearm, *i.e.* a black male wearing a blue checkerboard shirt and matching blue checkerboard hat as well as blue jeans, in the location provided in the 911 call. Officers Smith and Madurski stated at no time did they observe any other individual with a blue checkerboard shirt and a matching blue checkerboard hat as well as blue jeans on October 4th, 2015 in the area indicated. Thereafter, Officer Smith observed Appellant traveling on foot around East 23rd and Ash Streets. Officer Smith pulled his vehicle north onto Reed Street without his emergency lights activated, exited his vehicle and attempted to make contact with Appellant. Appellant fled on foot north on Reed Street and then east for one-half (1/2) block on East 22nd Street, during which Officer Smith pursued on foot. Appellant then jumped over a fence and ran behind the property located at 739 East 22nd Street, Erie, Pennsylvania 16503. Officer Smith, pointing his firearm at Appellant, ordered Appellant to "get on the ground," but Appellant did not respond to Officer Smith's commands. Appellant tried to unlock and escape through a backdoor at 739 East 22nd Street with his keys, but Officer Smith quickly tackled Appellant into the door and then "threw" Appellant onto the ground.

Officer Smith was attempting to place Appellant under arrest when other officers arrived on the scene, including Officer Madurski. A scuffle ensued between the police officers and Appellant, with several officers wrestling with Appellant, commanding Appellant to "put his hands behind his back" and "striking" Appellant. Officer Madurski observed a firearm fall from Appellant's person during the struggle. Eventually, the officers forced Appellant's hands behind his back and placed Appellant in handcuffs. During a search of Appellant's person, controlled substances were discovered and seized as evidence, along with the firearm.

Trial Court Opinion, 10/13/16, at 2-3.

Appellant was convicted of both charges following two jury trials[1] and received the aforementioned sentence. Appellant timely appealed and complied with the order to file a Pa.R.A.P.1925(b) statement. The matter is ready for our review. In the *Anders* brief, Attorney Merski raised the following issue before concluding that the appeal was wholly frivolous:

> Whether the trial court erred and/or abused its discretion in granting the Commonwealth's Motion in Limine where the Commonwealth sought the admission of the 911 recording?

Appellant's brief at 3.

Since counsel has filed a petition to withdraw, we must first rule on the request to withdraw without reviewing the merits of the underlying issues. *Commonwealth v. Blauser*, 166 A.3d 428 (Pa.Super. 2017). In order to withdraw from appellate representation pursuant to *Anders*, certain procedural and substantive requirements must be met. Procedurally, counsel must 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems

_____

[1] The first jury empaneled could not reach a verdict as to the firearms charges, and found Appellant guilty of resisting arrest. The second jury was able to reach a verdict on the firearms charge.

worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).

Attorney Merski's petition to withdraw sets forth that she has reviewed the entire record, and concluded that there are no actual or potential non-frivolous issues. The petition includes a copy of the letter sent to Appellant, which informed Appellant that he had the right to retain new counsel, or proceed *pro se* and raise additional arguments on his own behalf. Additionally, the letter states that Appellant was supplied with a copy of the **Anders** brief. Therefore, the procedural requirements have been satisfied.

We now examine whether the brief meets the substantive requirements as set forth by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010) (citing **Santiago**, **supra** at 361).

We now consider the issue raised in the **Anders** brief, which concerns the trial court's ruling on the Commonwealth's motion in *limine* to permit the introduction of the 911 call from Ms. Newby containing her observations regarding the firearm as substantive evidence. The statements made by Ms. Newby were offered for the truth of the matter asserted and therefore inadmissible unless a hearsay exception applied.

The admission of evidence is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. **Commonwealth v. Delbridge**, 859 A.2d 1254, 1257 (Pa. 2004). The trial court permitted introduction of the 911 call pursuant to the present sense impression exception, which provides:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> **(1) Present Sense Impression.** A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.

Pa.R.E. 803(1). This exception is grounded in the notion that statements describing ongoing events are not likely to represent dissembling by the observer, due to the concurrent nature of the observations and statements. "Consequently, the trustworthiness of the statement depends upon the timing of the declaration." **Commonwealth v. Hood**, 872 A.2d 175, 183 (Pa.Super. 2005) (citation omitted). As our Supreme Court noted in a case predating the adoption of the Rules of Evidence:

The indicium of reliability for such a declaration is in [a commentator's] view its contemporaneousness with the observation of the occurrence or condition. Relative immediacy of the declaration insures that there will have been little opportunity for reflection or calculated misstatement. There is no necessity for the presence of a startling occurrence or accident [to] serve as a source of reliability, for:

The declaration is insti[n]ctive, rather than deliberative-in short, the reflex product of immediate sensual impressions, unaided by restrospective mental action. These are the indicia of verity which the law accepts as a substitute for the usual requirements of an oath and opportunity for cross-examination.

*Commonwealth v. Coleman*, 326 A.2d 387, 389 (Pa. 1974) (quoting Morgan, Res Gestae, 12 Wash.L.Rev. 91, 96) (quotation marks and citations omitted).

As applied to 911 calls, our precedents have suggested that a corroboration requirement applies to this exception. "We note, however, that the same issue of corroboration addressed under the excited utterance exception may relate to the present sense impression exception . . . . corroborative proof that the declarant actually viewed the event naturally flows to this exception as well." *Hood*, *supra* at 184.

The *Anders* brief acknowledges that controlling authority treats 911 calls as falling under the present sense impression exception, and avers that any challenge to the admission of this evidence is frivolous. We agree. Pursuant to the principles discussed *supra*, a bystander relating observations to a 911 operator is a classic example of a present sense impression.

Moreover, to the extent the exception actually requires corroboration, that requirement was satisfied. The Commonwealth introduced evidence establishing when the call was made, and officers responded to that area within minutes. The officers observed a person matching the exact description supplied, *i.e.* a black male wearing a blue checkerboard shirt and matching blue checkerboard hat. Thus, these observations corroborated the timing requirement. ***See People v. Brown***, 610 N.E.2d 369, 374 (N.Y. 1993) (sufficient corroboration to permit introduction of 911 call as present sense impression existed where officers arrived shortly after 911 call and apprehended two suspects fitting the description given by caller).

Finally, pursuant to ***Commonwealth v. Flowers***, 113 A.3d 1246 (Pa.Super. 2015), we have independently examined the record to determine if there are any additional, preserved, non-frivolous issues. Finding none, we grant counsel's petition to withdraw and affirm.

The petition to withdraw of Emily M. Merski, Esquire, is granted. Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2017

- 7 -