J-S56028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRIAN SANCHEZ-PADILLA, | : | |
| | : | |
| Appellant. | : | No. 1737 MDA 2017 |

Appeal from the Judgment of Sentence, October 4, 2017,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0000413-2014,
CP-36-CR-0000522-2014, CP-36-CR-0000534-2014,
CP-36-CR-0003363-2015, CP-36-CR-0003671-2015,
CP-36-CR-0005530-2015.

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED DECEMBER 12, 2018**

Brian Sanchez-Padilla appeals from the judgment of sentence the trial court imposed after finding him guilty of violating probation and parole.[1] Sanchez-Padilla challenges the trial court's determination that he was competent to be sentenced on his probation/parole violations.  We affirm.

Sanchez-Padilla was charged with probation violations following events which transpired on April 16, 2017.  While officers were citing Sanchez-Padilla for sleeping in a public park in violation of a city ordinance, Sanchez-Padilla became belligerent.  When the officers attempted to arrest Sanchez-Padilla

---

[1] Sanchez-Padilla was serving probation for previous convictions of identity theft and forgery, and simultaneously serving parole for aggravated harassment by a prisoner and reckless burning or exploding and criminal mischief.

for disorderly conduct, he attacked the officers, punching one in the head, repeatedly slamming another officer's head into the concrete ground, and stabbing an officer multiple times in the face and thighs with a pen. Sanchez-Padilla left a mental health clinic against medical advice several days prior to the filing of these charges.

Sanchez-Padilla appeared for a hearing on a parole/probation violation after the new criminal charges were filed against him. The court found Sanchez-Padilla violated parole/probation and revoked them. The court ordered a pre-sentence investigation report and deferred sentencing pending disposition of the new criminal charges.

Sanchez-Padilla moved for a competency determination. After a competency hearing, the trial court determined that Sanchez-Padilla was competent to stand trial, and a jury trial was scheduled.

On September 27, 2017, the jury convicted Sanchez-Padilla of two counts of aggravated assault and one count of resisting arrest. On October 4, 2017, the court sentenced Sanchez-Padilla on his parole/probation violations. On the probation violation for forgery, the court reinstated probation. On the parole violation for aggravated harassment by a prisoner, the court sentenced Sanchez-Padilla to serve the unexpired term. On the parole violation for reckless burning or exploding and criminal mischief, the court terminated parole effective immediately and sentenced Sanchez-Padilla to imprisonment in the state correctional institution for a period of 1½ - 5 years. All sentences were made concurrent to one another. Trial Court Opinion, 1/2/2018, at 4.

This timely appeal followed. Both Sanchez-Padilla and the trial court have complied with Pa.R.A.P. 1925.

Sanchez-Padilla presents the following single issue for our review:

> Did the trial court err in finding Mr. Sanchez-Padilla competent to be sentenced for probation/parole violations on the above-captioned information numbers, where defense counsel proved by a preponderance of the evidence that Mr. Sanchez-Padilla was substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense?

Sanchez-Padilla's Brief at 5.

Our standard of review for a trial court ruling on competency is abuse of discretion. *Commonwealth v. Delbridge*, 859 A.2d 1254, 1257 (Pa. 2004). Our scope of our review is plenary as this Court may review the entire record in making its decision. *Id.*

When reviewing a competency claim, we are guided by the following principles:

> A defendant is presumed competent and it is his burden to show otherwise, the determination of which is within the sound discretion of the trial court. When a competency hearing takes place, incompetency may be established by a preponderance of the evidence. 50 P.S. § 7402(d). The sensitive nature of competency determinations requires the appellate courts to afford great deference to the conclusions of the trial court, which has had the opportunity to observe the defendant personally. When the record supports the trial court's determination, we will not disturb it.

*Commonwealth v. Stevenson*, 64 A.3d 715, 720 (Pa. Super. 2013) (some citations omitted).

- 3 -

Our Supreme Court has further stated that:

> [w]here there is reason to doubt a defendant's competency, the trial court is required to conduct a competency hearing. Competency is measured according to whether the defendant has sufficient ability at the pertinent time to consult with counsel with a reasonable degree of rational as well as factual understanding of the proceedings.

*Commonwealth v. Davido*, 106 A.3d 611, 639 (Pa. 2014) (*per curiam*) (internal citations omitted).

Incompetency, is defined by statute which states that a person is "incompetent to be tried, convicted or sentenced" if he is "substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense." 50 Pa.C.S.A. §7402(a).

Sanchez-Padilla argues that he demonstrated by a preponderance of the evidence that he was neither substantially able to understand the proceeding nor able to meaningfully participate and assist in his defense. In support of his argument, Sanchez-Padilla primarily relies on his witness, Dr. Stein, a licensed psychologist, who the trial court accepted as an expert in determining competency. Ultimately, "Dr. Stein concluded to a reasonable degree of psychological certainty that Mr. Sanchez was not competent to stand trial, because he [did not] understand the role of the various members of the court, and was unable to constructively consult with counsel for his benefit." Sanchez-Padilla's Brief at 12.

In forming this conclusion, after multiple observations of Sanchez-Padilla, Dr. Stein observed that Sanchez-Padilla did not know his attorney's

name, and did not understand the discrepancy in his desire to plead guilty while consistently maintaining he had done nothing wrong and was only acting in self-defense. *Id*. at 13. Additionally, Sanchez-Padilla did not know what the role of the jury was, and also believed God was in charge of the court, Jesus was in charge of sentencing, and justice was responsible for prosecuting the case. *Id.*

Sanchez-Padilla challenges the trial court's interpretation of the evidence, arguing that:

> The trial court took some of Dr. Stein's testimony completely out of context, as Dr. Stein explained that Mr. Sanchez-Padilla's belief that he should plead guilty and accept a maximum sentence was inconsistent with his belief that he was justified in his actions, and was acting to defend himself because the police were trying to kidnap him, and that this showed an inability to assist his counsel in his defense. The court ignored the fact that Mr. Sanchez-Padilla gave only one-word answers to questions, and was unable to elaborate, making meaningful communication with his attorney impossible. Further, the trial court ignored the uncontradicted evidence that Mr. Sanchez-Padilla suffered from a psychotic disorder and had been having auditory hallucinations since childhood.

*Id.* at 14. We disagree.

Sanchez-Padilla's premise implies that Dr. Stein's testimony and examination are conclusive. However, as factfinder, the trial court is within its province to weigh the evidence in determining a defendant's competency. ***Stevenson, supra.*** This includes balancing the evidence Dr. Stein offered, against the trial court's own account and observation of Sanchez-Padilla, his demeanor, and testimony. In its opinion, the trial court engaged in a thorough

analysis of the evidence; it cited at length the notes of testimony and provided a detailed discussion of its observation of Sanchez-Padilla at the probation violation hearing and trial, in support of its determination that Sanchez-Padilla was competent to be sentenced.

In weighing Dr. Stein's opinion, the trial court reasoned, in part, that:

> On cross examination, Stein acknowledged that [Sanchez-Padilla] was cooperative, lucid, and oriented during the interview. Moreover, [Sanchez-Padilla] was able to understand and answer all of Stein's questions through the use of an interpreter. In terms of the medical records he relied upon, Stein admitted they were "sketchy." According to Stein, "there's a little bit there but not a lot. But yes, there was not a lot to rely on here."

Trial Court Opinion, 1/2/2018, at 9.

The trial court further noted that Sanchez-Padilla correctly acknowledged that his "aggression" was the basis for the charges against him, and accurately stated the possible sentencing range applicable to him. *Id.* at 10. Additionally, Sanchez-Padilla communicated effectively with the trial court and his attorney, and responded appropriately to all questions. Moreover, the trial court stated that Sanchez-Padilla "had a clear understanding of the legal proceedings at sentencing, when he apologized for everything that happened and asked for 'the lowest possible sentence.'" *Id.* at 13.

Furthermore, defense counsel submitted a report prepared by Dr. Jerome Gottlieb, a licensed psychiatrist who evaluated Sanchez-Padilla on

- 6 -

September 29, 2017.[2]  In his report, Dr. Gottlieb noted that "during the time that [Sanchez-Padilla] refused to take his medication during his current incarceration, there was concern that he was so ill that he may not have been competent to proceed.  By the time his evaluator saw him, he was back on medication and apparently had improved." Trial Court Opinion, 1/2/18, at 13. Further, the report noted that Sanchez-Padilla's competence to proceed was not an issue as of September 18, 2017. ***Id.***

We have reviewed the record and discern no abuse of discretion by the trial court.  The record substantiates the trial court's conclusions that Sanchez-Padilla was sufficiently able to understand the nature and object of the proceedings against him, and was also sufficiently able to participate and assist his attorney in his defense.  Thus, we will not disturb the trial court's exercise of discretion.  ***See Stevenson***, 64 A.3d at 720.  We therefore affirm Sanchez-Padilla's judgment of sentence.

---

[2] Notably, defense counsel introduced Dr. Gottlieb's report as mitigating evidence in an effort to procure a reduced sentence by showing Sanchez-Padilla could be rehabilitated with proper medication.  However, defense counsel would not concede the report simultaneously demonstrated Sanchez-Padilla's competence. Trial Court Opinion, 1/2/18, at 13 n.11.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2018