J-S37015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNELL PONTON | : | |
| | : | |
| Appellant | : | No. 438 EDA 2020 |

Appeal from the Order Entered December 27, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008972-2017

BEFORE: SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    Filed: November 19, 2020

Appellant, Donnell Ponton, was charged with one count each of murder, generally, 18 Pa.C.S. § 2502, and possession of an instrument of crime ("PIC"), 18 Pa.C.S. § 907(a). He appeals from the December 27, 2019 order of the Philadelphia Court of Common Pleas finding him incompetent to stand trial and ordering him to be involuntarily medicated.[1,2] We affirm.

_____

[1] The trial court stayed the portion of the order to medicate Appellant involuntarily pending appeal. N.T., 12/27/19, at 89; 1/2/20, at 5.

[2] Appellant appeals this interlocutory order pursuant to Pa.R.A.P. 313, which provides that "[a]n appeal may be taken as of right from a collateral order." *Id.* at (a). A collateral order is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." *Id.* at (b). A court's ruling regarding the involuntary medication of a

The trial court summarized the background of the case, as follows:

[Appellant] was arrested on July 29, 2017, and has been held without bail since that time. On May 3, 2018, the case was assigned to the undersigned trial judge for a jury trial to be held on January 28, 2019. However, by letter dated October 5, 2018, defense counsel advised the [c]ourt that he had retained a forensic psychologist, Dr. Anna Lawler, who opined that [Appellant] suffers from the delusion that he is God, and that [Appellant] was incompetent to proceed to trial. Following a competency hearing held on January 4, 2019, the [c]ourt found [Appellant] to be incompetent, committed him for treatment and evaluation for 60 days pursuant to the Mental Health Procedures Act [("MHPA")], and continued the trial without setting a new trial date. Thereafter, the [c]ourt held periodic conferences to assess [Appellant's] mental health status and entered several additional commitment orders for treatment and evaluation based upon continued findings of [Appellant's] incompetency.

On December 20, 2019, the Commonwealth filed a motion for the [c]ourt to order the involuntary medication of [Appellant]. Following a hearing on December 27, 2019, the [c]ourt granted the Commonwealth's motion and ordered that [Appellant] be involuntarily medicated. In addition, the [c]ourt renewed [Appellant's] mental health commitment for an additional 60 days for treatment and evaluation based upon a finding of [Appellant's] continued incompetency. . . . Upon the request of defense counsel, the [c]ourt stayed its order of involuntary medication pending disposition of the instant appeal.

Trial Court Opinion, 2/28/20, at 1–2. Both Appellant and the trial court

complied with Pa.R.A.P. 1925.

Appellant raises the following single issue in this appeal:

Whether the [c]ourt erred when it granted the Commonwealth's Motion to Involuntarily Medicate the Appellant and when it involuntarily committed the Appellant for treatment

---

defendant to render him competent is immediately appealable. *Commonwealth v. Sam*, 952 A.2d 565, 573 n.10 (Pa. 2008); *Commonwealth v. Watson*, 952 A.2d 541, 554 (Pa. 2008).

under the [MHPA] on the basis of his incompetency to stand trial where there was insufficient evidence to warrant medicating the Appellant against his will and where there was insufficient evidence of his incompetency to stand trial?

Appellant's Brief at 6.

We note our standard of review:

> This court's standard of review of a trial court ruling on competency is for an abuse of discretion. Abuse of discretion is also the standard for review of trial court decisions on evidentiary rulings. The scope of our review is plenary as this court may review the entire record in making its decision.

*Commonwealth v. Delbridge*, 859 A.2d 1254, 1257 (Pa. 2004). "In determining competence to stand trial, the relevant question is whether a defendant has sufficient ability to consult with counsel with a reasonable degree of rational understanding and to have a rational as well as a factual understanding of the proceedings." *Commonwealth v. Watkins*, 108 A.3d 692, 703 (Pa. 2014). Where, as here, an appellate court is reviewing a competency ruling, "great deference" is afforded to the trial court. *Commonwealth v. Ali*, 86 A.3d 173, 178 (Pa. 2014).

The standard that must be met for a defendant to be deemed competent is set forth in the MHPA, 50 P.S. § 7401 *et seq*. It provides that

> [w]henever a person who has been charged with a crime is found to be substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense, he shall be deemed incompetent to be tried, convicted or sentenced so long as such incapacity continues.

*Id.* at § 7402(a).

Appellant, who identifies as "the Lord Jesus Christ the true living son of God," argues that the evidence of record fails to establish that he is incompetent to stand trial. Trial Court Opinion, 2/28/20, at 3; N.T., 1/4/19, at 8. He contends that the trial court correctly set forth and analyzed the law concerning the propriety of involuntary medication but suggests that question need not be reached "because under the law he is not incompetent to stand trial." Appellant's Brief at 34.

Herein, having found Appellant incompetent to stand trial, the trial court addressed the Commonwealth's motion to involuntarily medicate Appellant to render him competent for trial. The United States Supreme Court held in *Sell v. United States*, 539 U.S. 166 (2003), that forced administration of antipsychotropic medication is constitutional in certain contexts, including for the sole purpose of restoring a mentally ill criminal defendant to competency to stand trial. *Id.* at 179. The Pennsylvania Supreme Court described the *Sell* requirements as follows:

> [T]he *Sell* Court established four conditions before the Government can involuntarily administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges—thus overriding his liberty interest—in order to render that defendant competent to stand trial. Specifically, before issuing an order authorizing the involuntary administration of such drugs, a court must conclude that: (1) "important governmental interests are at stake"; and that administering the medication: (2) will "significantly further those concomitant state interests"; (3) "is necessary to further those interests," taking account of less intrusive alternatives; and (4) is "medically appropriate, i.e., in the patient's best medical interest in light of his medical condition." *Sell*, 539 U.S. at 180.

***Commonwealth v. Sam***, 952 A.2d 565, 573 (Pa. 2008).

Instantly, the trial court supported its competency determination, correctly identified its duty under ***Sell***, and evaluated the four-prong balancing test required by the ***Sell*** framework. We have considered Appellant's arguments, the Commonwealth's response, and reviewed all of the evidence of record. We have no basis upon which to conclude that the learned judge, the Honorable Glenn B. Bronson, erred or abused his discretion in ruling that Appellant is incompetent to stand trial and ordering that he be involuntarily medicated. We accept Judge Bronson's rationale and evaluation of the relevant law, as expressed in his opinion, as fully supporting his conclusion.[3] Thus, we affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/20

---

[3] We direct the parties to attach the trial court's opinion in the event of further proceedings in this matter.

- 5 -