[J-21-2023] [OISA: Mundy, J.]
**IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 26 WAP 2022 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered June 28, 2021, at No. |
| | : | 16 WDA 2020, affirming the Judgment |
| v. | : | of Sentence of the Court of Common |
| | : | Pleas of Allegheny County entered |
| | : | December 4, 2019, at No. CP-02-CR- |
| RICKEY MCGINNIS, | : | 0011014-2018 |
| | : | |
| Appellant | : | ARGUED: April 19, 2023 |
| | : | |

## OPINION IN SUPPORT OF AFFIRMANCE

**JUSTICE BROBSON**                                    **DECIDED: DECEMBER 1, 2023**

I concur in the result of the Opinion in Support of Affirmance (OISA) authored by Justice Mundy. I agree with Justice Mundy's OISA insofar as it concludes that expert testimony regarding taint by the implantation of false memories or distortion of actual memories through improper and suggestive interview techniques does not fall under the purview of Section 5920(b) of the Judicial Code, 42 Pa.C.S. § 5920(b). I respectfully disagree, however, that a party can present allegations of taint to a jury as a matter of reliability or credibility. Instead, I believe that allegations of taint constitute a challenge to the competency of a witness, which is a question properly addressed to the trial court. While I recognize that Appellant "state[d] on appeal that he did not proffer Dr. Chambers'[] testimony at the competency hearing as it was intended to challenge the credibility, not the competency, of the child's testimony," I do not find this reframing of the issue

persuasive. *Commonwealth v. McGinnis* (Pa. Super., No. 16 WDA 2020, filed June 28, 2021), slip op. at 5 (Bowes, J., concurring).

In my view, this Court has already addressed and decided the issue presented by Appellant in *Commonwealth v. Delbridge*, 855 A.2d 27 (Pa. 2003) (*Delbridge I*), in which we held that "[a]n allegation that the witness's memory of [an] event has been tainted raises a red flag regarding competency, not credibility." *Delbridge I*, 855 A.2d at 40. Issues of competency, in turn, "ha[ve] often been declared to be a question for the trial court." *Commonwealth v. Kosh*, 157 A. 479, 482 (Pa. 1931) (collecting cases). I see no compelling reason to alter this precedent.

While addressing *Delbridge I*, Justice Mundy's OISA states that this Court held that "the question of whether a child witness's memory of an event has been tainted *may be* examined during a pretrial competency determination." (OISA at 9 n.6 (Mundy, J.) (emphasis added).) I believe this is a mischaracterization of this Court's holding in *Delbridge I*. Instead, this Court in *Delbridge I* held that "Pennsylvania law charges the trial court with the responsibility to investigate the legitimacy of . . . an allegation [of taint]" and "that such an investigation *should occur* within a competency hearing." *Delbridge I*, 855 A.2d at 40 (emphasis added); *see also Commonwealth v. Delbridge*, 859 A.2d 1254, 1256 (Pa. 2004) (*Delbridge II*) ("The capacity to remember and the ability to testify truthfully about that memory are components of competency. . . . Therefore[,] we held that taint was best explored in a competency hearing.").

In reaching our conclusion in *Delbridge I*, this Court considered the law of other jurisdictions, which

> found the issue capable of examination within the context of existing legal procedures such as, a hearing probing the competency of the child witness or, within the context of a suppression hearing examining whether the evidence was obtained by improper techniques, and, finally, during the course of the trial itself.

*Delbridge I*, 855 A.2d at 39. Ultimately, however, this Court "h[e]ld that a competency hearing is *the* appropriate venue to explore allegations of taint."[1] *Id.* at 40 (emphasis added).

In the present matter, Appellant now asks this Court to, essentially, reconsider the arguments forwarded in *Delbridge I* and *Delbridge II* and reach a contrary conclusion. I would deny this request. The Court has already considered whether "taint is a legitimate question for examination" and "whether a competency hearing is the appropriate venue to explore possible taint of a child witness," and we answered both inquiries in the affirmative. *Id.* at 39-40.

The record in this matter reveals that the trial court addressed Appellant's allegations of taint at the competency hearing—*i.e.*, in the appropriate venue—and found that Appellant failed to prove taint. Appellant chose not to proffer expert testimony at the competency hearing. *McGinnis*, slip op. at 5 (Bowes, J., concurring). The trial court, proceeding in normal course, "reviewed the mental health records in this case" and "did not find evidence of taint." (R.R. at 109.) The trial court explained that it was "aware that the child was forensically interviewed initially" but found that "nothing in the record at [that] point indicate[d] that his better ability to communicate what happened to him when he was five is the result of coaching of any sort as opposed to a result of natural maturity of

---

[1] Justice Nigro filed a lone dissent in *Delbridge I*, explaining his view that taint is a matter of credibility and, therefore, not an issue of competency or "a proper subject of expert testimony." *Delbridge I*, 855 A.2d at 47 (Nigro, J., dissenting). Justice Eakin filed a concurring and dissenting opinion in *Delbridge I*, "disagree[ing] that 'taint' always goes to competency," and "tak[ing] issue on the use of expert witnesses on what is really a credibility issue." *Id.* at 49 (Eakin, J., concurring and dissenting).

Both Justice Nigro and Justice Eakin repeated their positions in their respective minority opinions in *Delbridge II*. *See Delbridge II*, 859 A.2d at 1261 (Nigro, J., concurring) ("[T]aint is a matter of credibility, not competency, and is therefore not the proper subject of either expert testimony or a competency hearing."); *id.* (Eakin, J., concurring) ("[T]his is a matter of credibility, not competence, and should have been dealt with accordingly.").

a child from age [five] to [twelve]." (*Id.* at 110.) Accordingly, the trial court concluded that, "without further evidence," it "would not be able to find the child is incompetent for any reason specifically for taint. . . . [T]he defense has not met that burden." (*Id.* at 110-11.)

"[A]s with all questions of competency, the resolution of a taint challenge to the competency of a child witness is a matter addressed to the discretion of the trial court." *Delbridge I*, 855 A.2d at 41. Appellant does not presently argue, nor can he argue for the first time on appeal, that the trial court abused its discretion.[2] Thus, based upon this record, I cannot conclude that Appellant should be permitted another opportunity to challenge the competency of J.M. where Appellant failed to establish taint at the appropriate stage of litigation. Appellant's attempts to reframe the issue of taint as a matter of reliability are, to me, unavailing. I would, therefore, affirm the order of the Superior Court on alternative grounds and hold that Appellant could not present to the jury expert testimony regarding taint because it is a matter of competency properly addressed to the trial court.

---

[2] An objection to the competency of a witness is subject to waiver. *See Commonwealth v. Harris*, 424 A.2d 1245, 1249 n.3 (Pa. 1981) ("[W]e are of the view that . . . [the] appellant was obliged at trial to put the competency of [the witness] in issue and, [the] appellant not having done so, the issue is not preserved for appellate review."); *see also Kosh*, 157 A. at 482 ("If a party knows before trial that a witness is incompetent . . . , he must make his objection before the witness has given any testimony, and, if the incompetency appears on the trial, an objection must be interposed as soon as the incompetency becomes apparent.").