J-S08022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
  :        PENNSYLVANIA
  :
v.  :
  :
  :
GREGORY SHAMBERGER  :
  :
Appellant  :   No. 1967 EDA 2024

Appeal from the Judgment of Sentence Entered June 26, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001384-2022

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:    **FILED MAY 2, 2025**

Gregory Shamberger appeals from the 22-to-44-year judgment of sentence entered after he was convicted of rape of a child and related crimes.[1] Before trial, Shamberger moved to exclude testimony from the alleged victim based on taint. After the first day of a taint hearing, the trial court ruled that Shamberger's proposed expert was not qualified to testify about child forensic interviews. Shamberger later withdrew his motion. He now challenges the trial court's ruling. Because Shamberger does not show how the ruling prejudiced him, we affirm.

_____

[1] 18 Pa.C.S. §§ 3121(c) (rape of a child), 3123(b) (involuntary deviate sexual intercourse), 3126(7) (indecent assault), 6318(a)(1) (unlawful contact with minor), 4304(a)(1) (endangering welfare of children), and 6301(a)(1)(ii) (corruption of minors).

On November 19, 2021, police charged Shamberger with the above crimes against S.S., his son.[2] According to the complaint, S.S.'s mother (who was married to Shamberger) told police on August 31, 2021, that Shamberger sexually assaulted S.S. earlier that year. On September 1, 2021, a detective forensically interviewed S.S., who described what Shamberger did to him.

Charges were held for court, and on August 31, 2022, Shamberger filed a motion to bar S.S.'s testimony. He requested a pretrial hearing to determine whether S.S. was competent to testify at trial due to taint. Shamberger averred that:

> S.S. was subjected to improper interview techniques, suggestive questioning, vilification of the accused and interviewer bias during interviews conducted in September 2021 by Chester County Law Enforcement, and in facts and circumstances leading up to the interview by law enforcement.

Motion, 8/31/22, at 1–2. Shamberger further averred that "the improper methods used during these interviews and suggestive counseling and questioning have influenced S.S. to such a degree, that his testimony has been irreparably compromised." *Id.* at 2. Shamberger requested that he be permitted to offer expert testimony in support. *Id.*

On September 20, 2022, the trial court heard *voir dire* of Shamberger's proposed expert, Elliot Atkins, Ed.D. Dr. Atkins testified that he is a licensed clinical psychologist who also has a forensic psychology practice. Dr. Atkins

---

[2] We remind counsel and the trial court that in a case like this, Pennsylvania law prohibits disclosure of the child's name in public court records. 42 Pa.C.S. § 5988(a). We direct that the certified record in this case be sealed.

explained that he was trained and certified as a school psychologist and had a doctorate in school psychology; his training was focused on interviewing children, and he interviewed children in his daily work for five and a half years as a psychologist. Dr. Atkins stated that he had not been trained or certified in child forensic interviews, but he reviewed the relevant protocols and techniques and had written reports on the reliability of children who had been forensically interviewed with those techniques. In three prior cases, Dr. Atkins was qualified as an expert in child interviewing techniques.

On cross-examination, Dr. Atkins acknowledged that taint hearings are "an extremely small percentage" of his work. He admitted that he had not been through the extensive training process required to implement any protocols of child forensic interviews. Dr. Atkins agreed that modern interview protocols differ from those used when he was trained, although he testified that the same scientific principles underlie the techniques. Dr. Atkins again acknowledged that he was not certified as a child forensic interviewer. He provided on redirect that he has continued to learn about forensic interviewing through today.

The trial court took Dr. Atkins' qualifications under advisement. The next day, the trial court entered an order qualifying Dr. Atkins in part and denying qualification in part. The order provided:

1. Defendant offered Elliot Atkins, Ed.D. as an expert in clinical and forensic psychology regarding the reliability of child witness statements and testimony. The parties stipulated that Dr. Atkins is an expert in forensic psychology. The Court finds that Dr. Atkins is also an expert in clinical psychology.

2. It is clear that Dr. Atkins is being proffered as an expert being able to challenge the forensic interview techniques used during the child forensic interview in this case and the reliability of the statements made by the child during the interview. Since this Court finds that Dr. Atkins is not qualified as an expert in child forensic interviews, he will not be allowed to offer expert testimony regarding the child forensic interview in this case.

Order, 9/21/22.

Shamberger supplemented his motion to bar S.S.'s testimony on September 27, 2022. He listed specific actions by S.S.'s mother, which he averred had influenced and irreparably compromised S.S.

On October 5, 2022, Shamberger moved for clarification of the trial court's order limiting Dr. Atkins' testimony. He requested the court to specify the reasons it had found Dr. Atkins was unqualified to testify about child forensic interviews and the reliability of child witness statements.

The trial court clarified its order on the record at the next scheduled pretrial hearing, observing that it did not qualify Dr. Atkins as an expert in a field where he was not certified. Dr. Atkins "was not certified as a forensic interviewer, so that's why [the trial court] did not accept him as an expert." N.T., 10/18/22, at 3.

Shamberger indicated in a subsequent continuance motion that he had located another expert whom he believed would meet the trial court's criteria for qualification. However, Shamberger ultimately never offered the other expert on the subject of taint. Instead, on April 3, 2023, after several continuances to prepare for the continued pretrial hearing, Shamberger

withdrew his motion to bar S.S.'s testimony. Accordingly, the trial court never ruled on that motion.

The case ultimately proceeded to a jury trial from February 26 to 28, 2024. The jury found Shamberger guilty of all charges. On June 26, 2024, the trial court sentenced Shamberger to an aggregate term of 22 to 44 years of imprisonment. Shamberger did not file post-sentence motions.

Shamberger timely appealed. Shamberger and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Shamberger presents one issue for review: "Did the trial court err in finding Dr. Elliot Atkins was not qualified as 'an expert in clinical and forensic psychology, *specifically with regard to the reliability of child witness statements and testimony*,' as offered by defense counsel?" Shamberger's Brief at 2.

Shamberger argues that the trial court misapplied the law by basing its ruling only on Dr. Atkins' lack of certification as a child forensic interviewer. Because Dr. Atkins had practical experience in interviewing children and other training, research, and education, Shamberger submits that the trial court's ruling was an abuse of discretion.

The Commonwealth counters that Dr. Atkins' precluded testimony was irrelevant because Shamberger failed in his initial burden to provide any evidence of taint, and Shamberger did not proffer the substance of Dr. Atkins' testimony on the record. On the merits, the Commonwealth argues that the trial court did not abuse its discretion.

As with any evidentiary matter, this Court reviews a ruling on the admissibility of expert testimony for an abuse of discretion. ***Commonwealth v. Wenzel***, 248 A.3d 540, 548 (Pa. Super. 2021). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." ***Id.*** "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." ***In re Estate of Byerley***, 284 A.3d 1225, 1239 (Pa. Super. 2022); ***see In the Interest of S.A.S.***, 305 A.3d 1039, 1050 (Pa. Super. 2023) (finding that a trial court erred in failing to qualify an expert witness but not reversing on that issue because the appellant failed to show prejudice).

Two decades ago, the Supreme Court of Pennsylvania recognized taint as a legitimate area of inquiry in cases charging sexual abuse of a child. ***Commonwealth v. Delbridge (Delbridge I)***, 855 A.2d 27, 39 (Pa. 2003). Taint is the result of "unduly suggestive and coercive" treatment by adults that affects the memory of a young child, making it difficult for the child to distinguish "fact from fantasy." ***Id.*** at 34–35. Whether a child's memory is tainted is a matter of competency, not credibility; consequently, the trial court must resolve an allegation of taint at a pretrial competency hearing. ***Id.*** at 40.

The Court in **Delbridge** set the parameters for trial courts to follow for a taint hearing. First, the party alleging taint must "show some evidence of taint" to begin an investigation into competency. **Id.** We have distilled some relevant factors in this initial demonstration as follows:

> (1) the age of the child; (2) the existence of a motive hostile to the defendant on the part of the child's primary custodian; (3) the possibility that the child's primary custodian is unusually likely to read abuse into normal interaction; (4) whether the child was subjected to repeated interviews by various adults in positions of authority; (5) whether an interested adult was present during the course of any interviews; and (6) the existence of independent evidence regarding the interview techniques employed.

**Commonwealth v. Judd**, 897 A.2d 1224, 1229 (Pa. Super. 2006).

After the moving party has made a sufficient showing for further inquiry, he "bears the burden of production of evidence of taint and the burden of persuasion to show taint by clear and convincing evidence." **Delbridge I**, 855 A.2d at 40. It then rests within the discretion of the trial court to resolve a challenge to the competency of a child witness based on taint. **Id.** at 41.

In a taint hearing, it is within the trial court's discretion to decide whether, based on the facts of a case, "expert testimony would assist the court in understanding the evidence or determining a fact in issue." **Id.** at 43 (citing Pa.R.E. 702). Notably, if the moving party has failed to prove the existence of taint, then there is no need for expert testimony as to the question of competency. **Commonwealth v. Delbridge (Delbridge II)**, 859 A.2d 1254, 1260 (Pa. 2004).

Here, Shamberger asked to provide expert testimony in support of his motion to bar S.S.'s testimony. Before receiving any other evidence on Shamberger's motion, the trial court heard *voir dire* of Dr. Atkins and ruled on the limits of Dr. Atkins' qualifications. Although the trial court assumed Shamberger's purpose in calling Dr. Atkins, Shamberger did not state how he intended to use Dr. Atkins' testimony. Instead, without presenting any evidence of taint, Shamberger withdrew his motion.

Under these circumstances, we find no cause to reverse the trial court's ruling. While the trial court appears to have applied an overly narrow standard in ruling on Dr. Atkins' expert qualifications, it is not clear how this ruling prejudiced Shamberger. Shamberger does not explain why he withdrew his motion to bar S.S.'s testimony, let alone assert that the ruling rendered him unable to meet his burden of proving taint or incompetency.[3] Instead, Shamberger presented no evidence of taint and left the trial court without any taint motion to consider. Because neither the record nor Shamberger's brief shows that the trial court's ruling prejudiced Shamberger, Shamberger's issue fails.

Judgment of sentence affirmed. Certified record directed to be sealed. Jurisdiction relinquished.

---

[3] It appears from the certified record that Shamberger withdrew his motion following a change in counsel. The strategic basis for this choice is not before the Court, only the effect of this decision on Shamberger's sole appellate issue.

- 8 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/2/2025